## MARTINEZ et al. v. KILDAY et al.

### No. 10420.

Court of Civil Appeals of Texas. San Antonio.

May 4, 1938.

Rehearing Denied June 1, 1938.

152

Harry W. Freeman, of Houston, for appellants.

T. D. Cobbs, Jr., and Jack Davis, both of San Antonio, for appellees.

SMITH, Chief Justice.

We copy the statement of the nature and result of the suit contained in appellants' brief, as being sufficient for the purposes of this decision:

"This suit was instituted by Manuel Martinez and Pedro Ruiz, members of Pecan Workers Union, Local 172, of the United Cannery, Agricultural, Packing and Allied Workers and Donald Henderson as president of said International Organization in behalf of themselves individually, and in their official capacities aforesaid, as well as for all the members of said Union, against Owen W. Kilday, Chief of Police, of the City of San Antonio, Phil L. Wright, Fire and Police Commissioner, and W. M. Christoph, Lieutenant of Police under the said Owen W. Kilday and acting under his orders and instructions. ,The plaintiffs' petition (supplemented by trial amendment) alleged, in substance, that plaintiffs, Manuel Martinez and Pedro Ruiz and more than 100 members of said Pecan Workers Union, Local 172, had been arrested without warrant and without lawful authority and taken to the city jail and charged with the commission of various offenses, of which defendant police officers knew that said members were innocent, that said defendants had prior to the institution of the suit interfered and were continuing to interfere with the peaceful picketing plaintiffs and the members of said Union were carrying on while engaged in a strike lawfully called by said members, that said arrests and continued arrests had been made and were being made with the avowed and expressed purpose of intimidating the members of said Union, that the defendants and their subordinate police officers had assaulted and beaten members of said Union by the use of their clubs, tear-gas bombs and other dangerous weapons, that the defendants and their subordinate officers had broken up and were continuing to break up and preventing plaintiffs from peaceful and lawful picketing, all with the evident intention of breaking up their trade union organization. Property damage for which complainants have no adequate and efficient remedy at law, also invasion and destruction of their civil rights by reason of the oppressive, vexatious and harassing arrests, for which likewise there exists no adequate remedy at law, were fully alleged in said petition. The petition concludes with a prayer for a temporary injunction, which after a hearing be made permanent."

A full hearing was had in the case, scores of witnesses were examined over a period of nearly a week's time, and their testimony, together with documentary evidence, covers 629 pages of the statement of facts. At the conclusion of the trial the injunction was denied, and the plaintiffs below appealed.

We have very carefully examined the record in the case, and are of the opinion that not only is the evidence insufficient to show the trial judge abused his discretion in refusing the injunctive relief prayed for, but, on the other hand, it

is such as, in our opinion, would not have authorized the granting of such relief; that · to grant the relief would· have amounted to an abuse of discretion.

There was sufficient evidence to show, and the trial judge impliedly found, that on the occasions at which appellees were alleged to have been guilty of the conduct complained of by appellants, groups of persons alleged to be strikers or their sympathizers congregated near pecan-shelling plants, and blocked the streets and sidewalks so as to obstruct and interfere with the free use of those ways by the public; that in some such cases the attitude of the crowds was menacing to regular employees peacefully working in those plants, who were thereby terrorized; that it seemed necessary, in the judgment of the police, that such crowds move on and disperse, in order to preserve the peace and avoid threatened violence; that in such emergencies the police sought to disperse the threatening group by peaceful request and persuasion, which was in some cases sufficient, but in others ineffectual; that where such method failed it became necessary, in some cases, in the judgment of the police, to arrest some of the participants upon charges of violating various city ordinances or state laws, and in other cases to resort to use of tear gas, in harmless quantities, in order to disperse the crowds and avert what the police reasonably regarded as threatened violence. These disturbances continued from day to day for several weeks, during which no person appears to have been injured to such extent as to require medical or hospital treatment. Some of those arrested were tried and convicted, while the charges against others were still pending at the time of the trial.

The record in this case warrants the conclusion that the police met and controlled a difficult and threatening situation with commendable patience, restraint, forbearance, discretion, and judgment, and that the trial judge acted well within his discretion in denying the injunction prayed for. In crises and disturbances such as that presented in this case it is the duty of law enforcement agencies, with the use of such means and force as appears reasonably necessary, to preserve the peace, prevent violence, keep the streets and other public places open to the free and uninterrupted use of the public, and protect the lives and property of the citizens, including those peacefully engaged in lawful employments. In such emergencies it is not the prerogative of the courts to prescribe the methods and means, or to lay down a specific course of conduct, to be employed by those agencies in performing, in every or any emergency, the duties peculiar to their authority.

The case presented here is essentially a fact case, and the trial court having impliedly found against appellants upon ample evidence, this court is bound by those findings, and here expressly upholds them.

Appellees have moved to dismiss this appeal upon the ground that the case has become moot. The case has apparently in fact become moot, but as appellants have questioned that fact and now contest appellees' motion to dismiss and insist upon a decision upon the merits, and this court having reached its decision in the case before the filing of the motion, we have concluded to dispose of the appeal upon its merits, rather than by dismissal.

The judgment is affirmed, at the cost of appellants.