William Bruner **CAMPBELL**, Appellant,

v.

Laura Fenner Williams **CAMPBELL**, Appellee.

No. 13222.

Court of Civil Appeals of Texas, Austin.

June 3, 1981.

Rehearing Denied June 24, 1981.

---

Guy C. Fisher, Austin, for appellant.

Roy Q. Minton, Minton, Burton, Fitzgerald, Inc., Austin, for appellee.

SHANNON, Justice.

Appellant William Bruner Campbell filed a motion to modify in a suit affecting the parent-child relationship in the district court of Travis County.[1] Specifically, appellant sought an order appointing him managing conservator of his twelve-year-old son Thomas Mitchell Campbell IV and naming appellee, his former wife, Laura Fenner Williams Campbell, possessory conservator of the child. Appellant alleged in the motion that circumstances affecting his son's life had so materially and substantially changed that the retention of his former wife as managing conservator would be injurious to the welfare, education, and the best interest of the child.

Appellee filed a special appearance pursuant to Tex.R.Civ.P. 120a objecting to the jurisdiction of the court over her and the child on the ground that they were not amenable to process issued by the courts of Texas. After hearing, the district court rendered judgment dismissing appellant's

---

1. This appeal is the most recent of several involving these parties. *Campbell v. Campbell*, 550 S.W.2d 164 (Tex.Civ.App. 1977, no writ); *Campbell v. Campbell*, 586 S.W.2d 162 (Tex. Civ.App. 1979), *rev'd*, 23 Tex.Sup.Ct.J. 391, June 4, 1980. While the motion for rehearing was pending in the Supreme Court, the parties settled their dispute concerning the division of property, and the judgments and opinions of the Court of Civil Appeals and the Supreme Court were withdrawn and the cause was remanded to the district court *for approval of the property settlement agreement. Campbell v. Campbell*, 613 S.W.2d 236 (Tex. 1980).

motion to modify based on lack of jurisdiction over appellee and the child. This Court will affirm that judgment.

The facts, applicable to this appeal, are as follows. On June 14, 1976, the district court rendered judgment dissolving the marriage of the parties. In September, 1975, appellant had removed Thomas Mitchell Campbell IV and his sister from the jurisdiction of the court in violation of temporary rules of the court, and at the time of the trial had concealed the children from appellee and the district court. Before entry of the judgment of divorce, appellee established residence in New Orleans. Appellant and the children were finally located in Scotland, and a Scottish court in December, 1976, removed the children from appellant and ordered them returned to the custody of appellee in New Orleans. Since December, 1976, the parties' son has resided with appellee, his managing conservator, in Louisiana.

■ Appellant has a single point of error: "The trial court erred in dismissing the case for want of jurisdiction." Under the point, appellant claims that the district court of Travis County has jurisdiction of his motion to modify the managing conservatorship by virtue of the continuing jurisdiction of the court pursuant to Tex.Fam. Code Ann. § 11.05 (Supp.1980). Section 11.-05 provides as follows:

"§ 11.05. Continuing Jurisdiction

*Text of subsection (a) as amended by Acts 1979, 66th Leg., p. 1201, ch. 584, § 1, and Acts 1979, 66th Leg., p. 1888, ch. 763, § 1*

(a) Except as provided in Subsections (b), (c), (d), and (e) of this section and in Section 11.052 of this code, when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all parties and matters provided for under this subtitle in connection with the child. No other court of this state has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in Section 11.06 of this code."

The exceptions provided in subsections (b), (c), (d), and (e) are not germane to appellant's contention.

Appellee's response to appellant's argument is that the continuing jurisdiction of the district court was superseded by operation of Tex.Fam.Code Ann. § 11.052 (Supp. 1980) which provides:

"§ 11.052. Exceptions to Continuing Jurisdiction

(a) Except on the written agreement of all the parties, a court may not exercise its continuing jurisdiction to modify:

(1) the appointment of a managing conservator if the managing conservator and the child have established and continued to maintain their principal residence in another state for more than six months unless the action was filed and pending before the six-month period; or

(2) any part of a decree if all of the parties and the child have established and continue to maintain their principal residence outside this state.

(b) This section does not affect the power of the court to enforce and enter a judgment on its decree."

In connection with the applicability of § 11.052(a)(1), it is agreed that appellee and the parties' son had established and maintained their principal residence in Louisiana for at least twenty-seven months before appellant filed the motion to modify.

It is true, as argued by appellant, that the district court has continuing jurisdiction to hear modification suits pursuant to § 11.05. Nonetheless, the Legislature limited the district court's continuing jurisdiction by enactment of § 11.052(a)(1). Therefore, if proof is made that the managing conservator and the child have maintained their principal residence in another state for six months prior to the filing of the suit to modify, the district court's continuing jurisdiction pursuant to § 11.05 is superseded by § 11.052(a)(1).

■ Appellant claims, in addition, that the district court was empowered to entertain the suit to modify pursuant to Tex.

Fam.Code Ann. § 11.045. Section 11.045 provides:

"§ 11.045. Original Jurisdiction

(a) A court has original jurisdiction of a suit affecting the parent-child relationship, whether or not the child is physically present in the state, only if one of the following conditions is met:

(1) this state:

(A) is the principal residence of the child at the time the proceeding is commenced; or

(B) was the principal residence of the child at any time during the six-month period before proceeding was commenced, and a parent or person acting as a parent resides in this state at the time the proceeding is commenced; or

(2) it is in the best interest of the child that a court of this state assume jurisdiction because:

(A) the child and the child's parents or the child and at least one contestant have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

(B) the child is physically present in this state and there is a serious immediate question concerning the welfare of the child; or

(C) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with this section, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine issues concerning the child.

(b) The physical presence in this state of the child or of the child and one of the contestants is alone insufficient to confer jurisdiction to the court to make a determination under this subtitle."

Section 11.045(a)(1) is not applicable since it is undisputed that the principal residence of the child at the time of commencement of suit, or at any time during six months prior to commencement of suit, was not Texas. Section 11.045(a)(2)(A) is not applicable because there is no record support for the proposition that there " . . . is available in [Texas] substantial evidence concerning the child's present or future care, protection, training, and personal relationships . . ." Section 11.045(a)(2)(B) does not afford jurisdiction since there is no evidence that the child was physically present in Texas. Section 11.045(a)(2)(C) does not empower the district court to entertain the suit to modify since it appears that Louisiana should have jurisdiction over this subject matter. Further, it does not appear that another state has declined to exercise jurisdiction on the ground that Texas is the more appropriate forum to determine the issues concerning the child.

Appellant makes no contention that jurisdiction obtains by reason of Tex.Fam.Code Ann. § 11.051 (Supp.1980), and, accordingly, this Court does not pass on that question.

The judgment is affirmed.