**Patricia A. Medellin DILLON, Appellant,**

v.

**Hector MEDELLIN, Appellee.**

**No. 18054.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 29, 1981.

Rehearing Denied Nov. 19, 1981.

Jacalyn D. Scott, Kenneth T. Fibich, Houston, for appellant.

Burta Rhoads Raborn, Roger Chism, Houston, for appellee.

Before EVANS, C. J., and WARREN and BASS, JJ.

EVANS, Chief Justice.

This is a child custody case. The dispositive question before this court is whether the trial court had jurisdiction over the appellant, a non-resident of this state. We hold that it did not, and the trial court's judgment will be reversed and the cause remanded for entry of an order of dismissal.

The parties were divorced in Harris County on May 26, 1977, and under the divorce decree the appellant, mother of the minor child, was named managing conservator. In April of the following year, the mother and child moved out of the state and have never returned, except to permit the father to have visitation privileges with the child. Thus, at the time the father initiated this proceeding to modify the child custody provisions of the divorce decree, both the mother and the child were residents of the State of Louisiana, where they had resided continuously for approximately two and one-half years.

Under the terms of the divorce decree, the father, as possessory conservator, is entitled to visitation privileges for thirty days during the summer months of each year. On July 9, 1980, just prior to the expiration of a thirty day visitation period, the father filed in this cause a motion to modify the managing conservatorship terms of the original decree. In this motion the father alleged that the court had continuing jurisdiction over the matter and that the child's circumstances had changed so materially since the entry of the original custody order that the retention of the mother as managing conservator would be injurious to the child's welfare. Attached to this motion was the father's affidavit stating, in effect, that during the visitation period the child revealed to him an awareness that the mother and the child's stepfather were smoking marijuana on a daily basis, and also that the stepfather had played sexual "games" with the child. On the basis of this motion and affidavit, the court that same date entered an emergency ex parte order removing the mother as managing conservator and naming the father as temporary managing conservator.

On July 15, 1980, the mother was personally served with citation in the State of Louisiana, and on August 20, 1980, she filed a special appearance, asserting that the court did not have continuing jurisdiction because she and the child had resided in the State of Louisiana more than six months prior to the filing of the petition to modify. In her special appearance motion, the mother made reference to Texas Family Code Ann. § 11.052 (Vernon Supp. 1980–1981), entitled "Exceptions to Continuing Jurisdiction," which provides:

(a) Except on the written agreement of all the parties, a court may not exercise its continuing jurisdiction to modify:

(1) the appointment of a managing conservator if the managing conservator and the child have established and continued to maintain their principal residence in another state for more than six months unless the action was filed and pending before the six-month period; or

(2) any part of a decree if all of the parties and the child have established and continue to maintain their principal residence outside this state.

(b) This section does not affect the power of the court to enforce and enter a judgment on its decree.

Prior to the date of hearing on the special appearance motion, the father filed a second motion entitled "Original Petition in Suit Affecting the Parent-Child Relationship," suggesting that if the court did not have continuing jurisdiction of the motion to modify previously filed, it did have original jurisdiction under Texas Family Code Ann. § 11.045(a)(2) (Vernon Supp. 1980–1981), which provides:

(a) A court has original jurisdiction of a suit affecting the parent-child relationship, whether or not the child is physically present in the state, only if one of the following conditions is met:

(2) it is in the best interest of the child that a court of this state assume jurisdiction because:

(A) the child and the child's parents or the child and at least one contestant have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

(B) the child is physically present in this state and there is a serious immediate question concerning the welfare of the child; or

(C) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with this section, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine issues concerning the child.

In support of this petition, the father alleged that the child was physically present in the state and there was serious immediate question concerning the child's welfare.

On September 8, 1980, the trial court held a hearing on the mother's special appearance motion, and by order entered October 21, 1980 it denied the mother's challenge to the court's jurisdiction and named the father temporary managing conservator. In this order the trial court found that the child was physically present in the state, that there was a serious immediate question concerning the child's welfare, and that it had original jurisdiction under Texas Family Code Ann. § 11.045(a)(2)(A) and (B) *supra*, and also § 14.10(c) (Vernon Supp. 1980–1981).

In subsequent proceedings before the court, the mother's pleadings were ordered stricken for her failure to comply with a ruling for costs in the amount of $2500, and on February 25, 1981, the trial court entered a default judgment against the mother, naming the father as permanent managing conservator and requiring that the mother pay $10 per month as child support. It is from this order that the mother brings this appeal.

■ The findings of the trial court are sufficient to establish subject matter jurisdiction under the provisions of Tex.Fam. Code Ann. § 11.045(a)(2)(B), *supra*. The mother does not challenge the factual basis of these findings, nor did she assert in the trial court that the allegations of the father's "Original Petition in Suit Affecting the Parent-Child Relationship" were fraudulently cast to confer jurisdiction where none, in fact, existed. Therefore, it will be considered for the purpose of this appeal that the "Original Petition" was properly before the trial court and that the trial court had jurisdiction of the subject matter

by virtue of Texas Family Code Ann. § 11.045(a)(2)(B), *supra.*

The key question is whether the trial court acquired in personam jurisdiction over the non-resident mother. Tex.Fam.Code Ann. § 11.051 *supra*, sets forth the situational requirements for acquiring in personam jurisdiction over a nonresident person:

In a suit affecting the parent-child relationship, the court may exercise personal jurisdiction over a person on whom service of citation is required or over the person's personal representative, although the person is not a resident or domiciliary of this state, if:

(1) the child was conceived in this state and the person on whom service is required is a parent or an alleged or probable father of the child;

(2) the child resides in this state, as defined by Section 11.04 of this code, as a result of the acts or directives or with the approval of the person on whom service is required;

'  (3) the person on whom service is required has resided with the child in this state; or

(4) notwithstanding Subdivisions (1), (2), or (3) above, there is any basis consistent with the constitutions of this state or the United States for the exercise of the personal jurisdiction.

■ There is evidence in the record from which the trial court could properly have concluded that the requirements set forth in § 11.051(1) and (3) were met. However, in a suit brought solely for the purpose of affecting the parent-child relationship under § 11.051, jurisdiction does not attach merely upon proof of one or more of these requirements, and it must also be determined that such jurisdictional facts are constitutionally sufficient to meet basic requirements of due process. *Kelly v. Novak*, 606 S.W.2d 25, 28 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Corliss v. Smith*, 560 S.W.2d 166 (Tex.Civ.App.—Tyler 1977, no writ).

■ Although a literal reading of § 11.-051 would seem to permit a court to exercise in personam jurisdiction over a non-resident parent no matter how long the parent

and child have been absent from the state, the statute must be interpreted in light of due process requirements. *U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760 (Tex. 1977), cert. denied, 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978); · *Corliss v. Smith, supra.* It is undisputed that both the mother and child had resided in the State of Louisiana for a period of over two and one-half years prior to the date the father initiated these proceedings to modify the conservatorship provisions of the divorce decree. During that period of time the mother had no contacts within the State of Texas which would satisfy due process requirements, and the record reflects that the persons best qualified to testify with respect to the welfare and best interests of the child were residents of the State of Louisiana. It would, therefore, be inconvenient, if not impossible, to effectively develop those issues in the Texas courts, and the mother would not be afforded due process of law if she is required to defend this action in the State of Texas. *Corliss v. Smith, supra.*

■■ The father further contends that the mother invoked the jurisdiction of the Texas courts by filing a writ of habeas corpus in the trial court. This contention will be overruled. A relator in this state for the sole purpose of compelling the return of a child through a habeas corpus proceeding is not amenable to civil process or otherwise subject to the jurisdiction of any civil court, except the court in which the writ is pending, and in that court only for the purpose of prosecuting the writ. *Marshall v. Wilson*, Tex., 616 S.W.2d 932 (1981).

■ The father further contends the mother's appeal should be vacated because the mother violated the trial court's temporary order by removing the child from the trial court's jurisdiction and returning with the child to the State of Louisiana. In order for a party to be guilty of violating an order of the trial court, the order must be one which the trial court had jurisdiction to enter and which was binding upon such party. *Ex Parte Jabara*, 556 S.W.2d 592, 597 (Tex.Civ.App.—Dallas 1977, no writ). This contention is overruled.

■ The father's motion to file a supplemental transcript, which contains an exemplified copy of a decree rendered by the Court of Appeals for the 1st Circuit of the State of Louisiana under date of June 29, 1981, is denied. This document was not before the trial court at the time it entered the order in question, and although this court may take judicial notice of the terms and provisions of a foreign decree, the Louisiana decree has no relevance to the issues involved in this appeal. The Louisiana decree, which affirms the action of the Louisiana trial court in dismissing the mother's petition to enforce the custody provisions of the divorce decree, clearly reflects that such dismissal is based upon the pendency of the proceeding instituted by the father in the Texas courts, and there is no indication in the record that the Louisiana courts would refuse to exercise jurisdiction over an action brought by either party in that state affecting the parent-child relationship.

The trial court erred in denying the special appearance motion filed on behalf of the mother in this proceeding, and its judgment is reversed and the cause is remanded for entry of an order dismissing the cause for want of jurisdiction.