Hector MEDELLIN, Petitioner,

v.

Patricia A. Medellin DILLON,
Respondent.

No. C–926.

Supreme Court of Texas.

March 3, 1982.

Burta Rhoads Raborn, Martha Bourne and Roger Chism, Houston, for petitioner.

Bonham, Carrington & Fox, Jacalyn D. Scott and Kenneth T. Fibich, Houston, for respondent.

PER CURIAM.

Hector Medellin and Patricia Medellin Dillon were divorced in Texas in 1977. Patricia was made managing conservator of the couple's minor daughter. Hector was named possessory conservator and given 30 days annual visitation rights. Subsequently, Patricia and the child moved to Louisiana where they resided continuously during the two and one-half years prior to this lawsuit.

While the child was visiting him in Houston in July 1980, Hector filed a motion to modify the managing conservatorship. He alleged that the child's circumstances had changed materially and that retention of Patricia as managing conservator would be injurious to the child's welfare. The trial court entered an emergency order naming Hector temporary managing conservator.

After being personally served in Louisiana, Patricia filed a special appearance to challenge the Texas court's jurisdiction on the grounds she and the child had resided permanently outside the state of Texas for more than six months. Tex.Fam.Code Ann. § 11.052. Prior to the special appearance hearing, Hector filed a second motion entitled "Original Petition in Suit Affecting the Parent-Child Relationship," alleging that the trial court also had original jurisdiction under section 11.045(a)(2).

Determining it had jurisdiction under sections 11.045(a)(2)(A)–(B) and 14.10(c) of the Family Code because the child was physically present in Texas and there was a serious immediate question concerning her welfare, the trial court overruled Patricia's special appearance. A default judgment was subsequently entered against Patricia, which named Hector as permanent managing conservator.

The court of appeals reversed and remanded with instructions to dismiss the cause for want of jurisdiction. 627 S.W.2d 737 (Tex.App.). Although the court found the trial court had subject matter jurisdiction pursuant to section 11.045(a)(2)(B), it concluded in personam jurisdiction was never acquired over the nonresident mother. Tex.Fam.Code Ann. § 11.051.

Prior to the Texas Court of Appeals' decision, Patricia filed suit in Louisiana to enforce the original 1977 custody decree. Upon sustaining Hector's exception to its jurisdiction, the Louisiana district court dismissed Patricia's cause of action. Concluding that the Texas court properly exercised jurisdiction, the First Circuit Louisiana Court of Appeal affirmed. The Louisiana Supreme Court granted Patricia's application for writ of certiorari to determine whether Louisiana had jurisdiction under the Uniform Child Custody Jurisdiction Act, La.Rev.Stat.Ann. §§ 13.1700 to 13:1724.

Subsequent to the Texas Court of Appeals' ruling, the Louisiana Supreme Court determined that Hector's exception to the jurisdiction of the Louisiana Courts should not have been sustained. The decisions of the lower Louisiana Courts were reversed and remanded for further proceedings on Patricia's suit to enforce the 1977 Texas decree. *Dillon v. Medellin,* 409 So.2d 570, (La., 1982).

We concur in the court of appeals decision before us that Louisiana is the more appropriate forum in which to litigate the custody issues because Louisiana is the child's and managing conservator's domicile. In refusing petitioner's Application for Writ of Error with the notation "No Reversible Error," however, we express no opinion whether the court of appeals properly determined that the trial court's assertion of in personam jurisdiction over the nonresident mother failed to afford her due process of law.