**Tom L. PETTIETTE, Appellant,**

v.

**Patti Pettiette MORROW, Appellee.**

**No. 01–83–00107–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 13, 1983.

Rehearing Denied Dec. 1, 1983.

John F. Nichols, Houston, Kent Caperton, Bryan, for appellant.

C.J. King, Bryan, for appellee.

Before EVANS, C.J., and DUGGAN and BASS, JJ.

## OPINION

EVANS, Chief Justice.

The controlling question in this case is whether the trial court retained continuing jurisdiction over the custody of a child after the managing conservator and child moved to another state. The trial court granted the non-resident's motion to dismiss for want of jurisdiction, and the resident parent appeals from that judgment. We affirm.

The record shows that the parties were divorced in Texas in 1974 and that under the terms of the divorce decree, appellee was named managing conservator of their minor child. More than six months after appellee and the child had moved from Texas, the child's father, appellant herein, filed a motion to modify the conservatorship provisions of the divorce decree with the district court that granted the divorce. Appellant had possession of the child under the visitation provisions of an order of the divorce court, but refused to surrender the child to appellee in accordance with that decree. When appellee came to Texas to apply for a writ of habeas corpus to recover the child, she was served with process in the action to modify. Appellee quashed the service and filed a special appearance and plea to the jurisdiction. The trial court first overruled the appellee's plea contesting jurisdiction, but subsequently granted the plea and ordered the suit dismissed.

We hold that the trial court did not have subject matter jurisdiction over appellant's motion to modify and that it correctly dismissed the appellant's action for want of jurisdiction.

Sec. 11.052(a), entitled "Exceptions to Continuing Jurisdiction," provides:

(a) Except on the written agreement of all the parties, a court may not exercise its continuing jurisdiction to modify:

(1) the appointment of a managing conservator if the managing conservator and the child have established and continued to maintain their principal residence in another state for more than six months unless the action was filed and pending before the six-month period; ...

TEX.FAM.CODE ANN. sec. 11.052(a)(1) (Vernon Supp.1982).

■ The trial court found that the appellee and her minor child had established and continued to maintain their principal residence in the State of New Mexico for more than six months prior to the filing of appellant's motion to modify. The court also found that the child had been temporarily in Texas for the sole purpose of visiting her father. The court then concluded, as a matter of law, that it lacked jurisdiction over the case because of the provisions of Sec. 11.052.

Appellant argues that the case does not fit into an exception under Sec. 11.052, but is governed by TEX.FAM.CODE ANN. Sec. 11.05 (Vernon Supp.1982) which provides that when a court acquires jurisdiction over a suit affecting the parent-child relationship, it retains jurisdiction over all matters affecting that child. Appellant bases his argument on the fact that the appellee judicially admitted that the child had not lived with appellee for at least six months, and that during such period of time, the child had been living with the appellant in Texas.

Appellant seems to be asserting that appellee and child have therefore failed to continue to maintain their principal residence in New Mexico as required by Sec. 11.052(a)(1). The fallacy in appellant's argument is his assumption that physical possession of a child determines the child's residency. Residency of a child is a legal concept which is defined in TEX.FAM. CODE ANN. Sec. 11.04(c) (Vernon Supp. 1982) as follows:

(c) A child resides in the county where his parents (or parent if only one parent is living) reside, except that:

(1) if a managing conservator has been appointed by court order ... the child resides in the county where the managing conservator ... resides;

Appellee, the managing conservator, continues to reside in New Mexico, therefore the child legally resides in New Mexico, and

the exception of Sec. 11.052(a) clearly applies.

In a case involving a similar fact situation, *Campbell v. Campbell,* 617 S.W.2d 795, 797 (Tex.Civ.App.—Austin, 1981, writ ref'd n.r.e.), Justice Shannon stated:

It is true, as argued by appellant, that the district court has continuing jurisdiction to hear modification suits pursuant to Sec. 11.05. Nonetheless, the Legislature limited the district court's continuing jurisdiction by enactment of Sec. 11.-052(a)(1). Therefore, if proof is made that the managing conservator and the child have maintained their principal residence in another state for six months prior to the filing of the suit to modify, the district court's continuing jurisdiction pursuant to Sec. 11.05 is superseded by Sec. 11.052(a)(1).

We find this statement applicable to the facts at hand and hold that the district court's continuing jurisdiction under Sec. 11.05 was superseded by facts bringing the case within Sec. 11.052(a)(1). As we stated in a previous case, the enactment of Sec. 11.052 implies legislative recognition of the existence of continuing jurisdiction for six months after the custodian and child leave the state. *Kelly v. Novak,* 606 S.W.2d 25, 29 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). However, when, as in the instant case, the managing conservator and the child have established and continue to maintain their principal residence in another state for more than six months before filing of the action, the Texas court is without further jurisdiction. Sec. 11.052; *Campbell v. Campbell, supra.*

In view of our determination that the trial court properly dismissed for lack of subject matter jurisdiction, we do not consider appellant's remaining contentions regarding the trial court's personal jurisdiction over appellee under Sec. 11.051, and its rulings on appellee's special appearance and plea to the jurisdiction.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

On October 13, 1983, this court affirmed the judgment of the trial court dismissing the cause for want of jurisdiction over appellant's motion to modify in a suit affecting the parent-child relationship. Appellant and appellee have filed a joint motion to dismiss the appeal on the basis that they have settled all the issues on appeal and that on September 16, 1983 the trial court signed an agreed order in their suit affecting the parent-child relationship.

■ The appellate courts will not usually dismiss a case on appeal after an opinion in the case has been issued. *Alamo Motor Lines Inc. v. International Brotherhood of Teamsters, Chaffeurs, Warehousemen & Helpers of America Local No. 657 et al,* 229 S.W.2d 112 (Tex.Civ.App.—San Antonio 1950, no writ); *International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers, Local No. 393 v. Missouri Pacific Freight Transport Co.,* 220 S.W.2d 219 at p. 254, on motion to dismiss, (Tex.Civ.App.—Beaumont 1949, writ ref'd n.r.e.); *Martinez v. Kildey,* 117 S.W.2d 151 (Tex.Civ.App.—San Antonio 1938, no writ).

■ The appellant's supplemental motion for rehearing shows no reason to depart from this rule. The trial court's prior order declining jurisdiction and our subsequent opinion will not affect the authority of the trial court under Tex.Fam.Code Ann. sec. 11.052(a)(1) (Vernon Supp.1982) to exercise its continuing jurisdiction on written agreement of the parties. Further, section 14.06, of the Texas Family Code provides that the parties may enter into a written agreement modifying prior orders providing for conservatorship and support of the child. Thus, our opinion does not interfere with the trial court's agreed order dated September 16, 1983 resolving the issues in dispute between the parties.

The motion to dismiss is denied.