Nelly SOTO–RUPHUY, Relator,

v.

Honorable John G. YATES,
Respondent.

No. 04–84–00494–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 12, 1984.

Mack Ray Hernandez, Austin, for relator.

Janet M. Hartung, San Antonio, for respondent.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

PER CURIAM.

This is an original mandamus and prohibition proceeding involving the issue of whether a Texas district court may exercise its continuing jurisdiction to modify its original child custody decree concerning a child whose home state is now California. Since we hold that the respondent district judge improperly assumed jurisdiction in this custody matter, we will conditionally grant the writs of mandamus and prohibition.

Relator, Nelly Soto-Ruphuy, and Ernesto Hernandez, real party in interest, were divorced on April 4, 1977, in the 45th Judicial District Court of Bexar County, Texas. The divorce decree named relator managing conservator of the couple's only child, Ernest. Approximately six years ago, relator and the child moved to California where they have lived ever since. The child is now in Texas because, according to relator, Ernesto has refused to allow the child to return to California when his one-month visitation period expired in August of 1984.

On July 30, 1984, relator filed a motion to modify in the 45th District Court seeking an increase in child support. Ernesto answered and filed a counterclaim seeking to have himself substituted as managing conservator. In September of 1984, Ernesto applied for emergency temporary orders to restrain relator from removing the child from the jurisdiction of the court and to exclude her from possession of or access to the child. His supporting affidavit alleged that he had been informed by relatives of relator that she planned to remove the child to Costa Rica and that before she would allow the child to live with Ernesto, she would rather see him dead. These orders were granted ex parte on September 4, 1984. The temporary orders were made a temporary injunction by an order signed September 12, 1984. Relator did not appear at the hearing either in person or by attorney, and no record was made.[1]

On October 18, 1984, relator filed a plea to the jurisdiction and a general denial of Ernesto's counterclaim, a motion to set aside the temporary orders, and an application for writ of habeas corpus seeking return of possession of the child. On October 30, 1984, respondent, the Honorable John G. Yates, signed an order denying all relief requested by relator.

Relator has filed in this Court a petition for writs of mandamus and prohibition. She seeks a writ of mandamus directing Judge Yates to abate the counterclaim filed by Ernesto for lack of subject matter jurisdiction and a writ of prohibition commanding Judge Yates to cease and desist from exercising jurisdiction over the counterclaim. She seeks costs of travel and litigation, including attorney's fees, under sec-

---

1. It appears from the record and from relator's petition that neither she nor her attorney appeared at the hearing on the temporary orders due to Ernesto's failure to provide her with adequate notice of that hearing. TEX.FAM. CODE ANN. §§ 11.54, 11.55 (Vernon Supp. 1984). The record indicates that service of the notice was provided by certified mail to relator's attorney in Texas only six days prior to the hearing. Assuming the Texas court had juris-

diction in the first place, this would not satisfy the requirement of "reasonable notice and opportunity to be heard." *Section 11.54.* Nor was notice provided in sufficient time to allow for the filing of an answer prior to the hearing. *Section 11.55.* As will be shown, *infra,* relator did not submit herself to the jurisdiction of the Texas district court for the purpose of custody modification by the filing of her motion to modify child support. *See* section 11.55(d).

tion 11.57 of the Family Code,[2] or that a hearing be held on this matter. She also prays for a writ of habeas corpus directing that the child be returned to her or, in the alternative, that we order a hearing by the trial court on the habeas corpus issue.

Section 11.53 of the Family Code is the jurisdictional section of the Texas version of the Uniform Child Custody Jurisdiction Act (UCCJA). Section 11.53(a) sets out the four instances when a court of this State that is competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification. Section 11.53(d) provides:

> Except on written agreement of all the parties, a court may not exercise its continuing jurisdiction to modify custody if the child and the party with custody have established another home state unless the action to modify was filed before the new home state was acquired.

"Home state" is defined by section 11.52(5) to be "the state in which the child immediately preceeding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months ...". It is undisputed that the child's home state is California. There is no written agreement between the parties to litigate the custody matter in the Texas district court. Thus, unless one of the provisions of subsection (a) applies, section 11.53(d) prevents the Texas court from exercising jurisdiction in this matter. *See Medellin v. Dillon,* 633 S.W.2d 786, 787 (Tex.1982); *Pettiette v. Morrow,* 661 S.W.2d 241, 243 (Tex.App.—Houston [1st Dist.] 1983, no writ); and *Campbell v. Campbell,* 617 S.W.2d 795, 797 (Tex.Civ. App.—Austin 1981, writ ref'd n.r.e.), all of which reach the same conclusion under the predecessor statute to section 11.53(d).[3]

Ernesto argues that the Texas district court has jurisdiction under section 11.-53(a)(3)(B), the "emergency protection" section. That section confers jurisdiction upon a Texas court when the child is physically present in the State and "it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or there is a serious and immediate question concerning the welfare of the child[.]" It is Ernesto's contention that there exists "a serious and immediate question concerning the welfare of the child," in that relator plans to remove the child from the country and would rather see him dead than living with Ernesto. The "serious and immediate question" language also appears at section 14.10, the habeas corpus section, under which it often has been construed.

■ There is no finding in the trial court's temporary orders that a serious and immediate question concerning the welfare of the child exists. Furthermore, there is no evidence in the record that such a condition exists. The only indication in the record of the basis for the trial court's ruling is Ernesto's affidavit, an affidavit based on hearsay upon hearsay. A serious and immediate question concerning the welfare of the child, as that language is interpreted under section 14.10(c), is said to contemplate a situation where the child is in imminent danger of physical or emotional harm and immediate action is necessary to protect the child. *McElreath v. Stewart,* 545 S.W.2d 955, 958 (Tex.1977). The record discloses no danger of physical or emotional harm that requires immediate action to protect the child. The trial court erred in assuming jurisdiction regarding the custody issue.

■ Ernesto also argues that the Texas district court had jurisdiction to enter the temporary orders pursuant to sections 11.11 and 14.08(g). Section 11.11 provides for the entry of temporary orders for the safety and welfare of the child in a suit affecting the parent-child relationship. Section 14.08(g) provides that temporary

2. All statutory references are to TEX.FAM. CODE ANN. (Vernon Supp.1984).

3. Act of June 13, 1979, ch. 584, § 3, 1979 Tex. Gen.Laws 1201, 1202 (formerly TEX.FAM.CODE ANN. § 11.052) *repealed by* Uniform Child Custody Jurisdiction Act, ch. 160, § 10, 1983 Tex. Gen.Laws 691, 709.

**22**

orders changing custody may not be entered under section 11.11 unless the order is necessary because there is a serious, immediate question concerning the welfare of the child. A Texas court's continuing jurisdiction to enter custody modification orders must yield to the provisions of section 11.53 if the subject of those orders is a child who has acquired a new home state. Section 11.05(a). Likewise, although relator brought suit for modification of support in the Texas district court, she did not thereby submit herself to the jurisdiction of that court under section 11.55(d) for the purpose of custody modification. As long as one party remains in the state, the Texas court retains continuing jurisdiction to modify all aspects of its decree except as provided by section 11.53(d). In child custody disputes involving interstate children, jurisdiction must first be determined by reference to the provisions of section 11.53. If the jurisdictional requirements of that section are met, the Texas court may enter temporary orders or modification orders changing managing conservatorship of the child. Sections 11.05(a) & (g), 11.11, 14.08.

Mandamus will lie when a court acts beyond its power and jurisdiction and when by so acting vacates or changes a final adjudication. *Standley v. Stewart*, 539 S.W.2d 882, 883 (Tex.1976). The writ of prohibition may be issued to prevent an inferior tribunal from exercising a jurisdiction which it has no lawful right to exercise. *Humble Exploration, Inc. v. Walker*, 641 S.W.2d 941, 943 (Tex.App.—Dallas 1982, no writ); *Stone v. Kuteman*, 150 S.W.2d 107, 109 (Tex.Civ.App.—Amarillo 1941, no writ).

Judge Yates is directed to vacate the temporary orders entered September 12, 1984, to refrain from assuming jurisdiction over Ernesto's counterclaim, to entertain relator's writ of habeas corpus under the guidelines of section 14.10 and *McElreath v. Stewart, supra,* and to hold a hearing on costs and attorney's fees, if any, to be awarded under section 11.57. The writs of mandamus and prohibition will issue only if he declines or refuses to do so.