**Karin Christa CLAGUE, Appellant,**

v.

**Robert William CLAGUE, Appellee.**

**No. 12–86–0017–CV.**

Court of Appeals of Texas,
Tyler.

Jan. 15, 1987.

Serv. 5136, 5138 (Vernon).

Kurt M. Noell, Tyler, for appellant.

Jack Norwood, Tyler, for appellee.

BILL BASS, Justice.

This is an appeal from an order modifying a divorce decree. We reverse.

The parties were divorced by a decree dated April 20, 1981. Under the decree, the mother was appointed managing conservator of the parties' two minor children, and the father was appointed possessory conservator with specified rights of access. The mother was ordered not to remove the children from the court's jurisdiction without the consent of the court. In August of 1981, the mother and children moved to Virginia without the court's consent. She repeatedly refused to permit her ex-husband to visit the children, and he later learned that she had placed the children in foster care. In the summer of 1985, he filed an action in Virginia to enforce his visitation rights under the Texas decree. The Virginia court ordered visitation from August 9 to August 30, 1985, and on August 9 the father brought the children back to Texas. Before the expiration of the visitation period, he filed a motion to modify the divorce decree in Texas, requesting that he be appointed managing conservator and further requesting certain temporary orders for the protection of the children. The court issued the temporary orders and the mother was personally served with nonresident citation and the order with notice of hearing on August 29 at her place of employment in Virginia. A hearing was held on August 30, but neither she nor her attorney appeared.

At the conclusion of the hearing, the court appointed the father as temporary managing conservator and entered a temporary injunction enjoining the mother from performing certain acts injurious to the children. A hearing on the father's motion to modify was held on September 26, but the mother neither filed an answer nor appeared at the hearing. The trial judge modified the divorce decree by appointing the father as managing conservator, requiring that the mother provide a bond payable to the father conditioned upon not removing the children from the jurisdiction during visitation, and extending the temporary injunction to a permanent injunction. It is from this order that the mother appeals.

Under her seventh point of error, the mother argues that the trial court did not have jurisdiction to enter the modification order. Because we sustain this point of error, we do not address the remaining points.

Section 11.53 is the central provision of the Texas version of the Uniform Child Custody Jurisdiction Act, *see* Tex.Fam. Code Ann. §§ 11.51–.75 (Vernon 1986). Section 11.53(d) provides:

> Except on written agreement of all the parties, a court may not exercise its continuing jurisdiction to modify custody if the child and the party with custody have established another home state unless the action to modify was filed before the new home state was acquired.

The first subsection sets forth four instances in which a Texas court has jurisdiction to make an initial custody determination or modification. *See id.* § 11.53(a); *Soto-Ruphuy v. Yates,* 687 S.W.2d 19, 21 (Tex.App.—San Antonio 1984, no writ). A "home state" under subsection (d) is "the state in which the child immediately preceding the time involved lived with ... a parent ... for at least six consecutive months.... Periods of temporary absence of any of the named persons are counted as part of the

six-month or other period." *Id.* § 11.52(5). Under the present facts it is undisputed that the two children had lived in Virginia with their mother or in foster care for four years, and thus Virginia was the children's "home state" before the father filed his motion to modify. Because the children had established another home state, and because none of the four instances set forth in section 11.53(a) is here applicable, we conclude that the lower court did not have jurisdiction to enter the modifying order. *See Irving v. Irving,* 682 S.W.2d 718, 721 (Tex.App.—Fort Worth 1985, no writ); *Soto-Ruphuy,* 687 S.W.2d at 21.

The order modifying the divorce decree is reversed and the permanent injunction dissolved, and the motion to modify is ordered dismissed.