**Jeanne K. Heard CAPLAN, Relator,**

v.

**The Honorable Allen J. DAGGETT,
310th Judicial District Court,
Respondent.**

No. B14–90–044–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 13, 1990.

Pamela E. George, Samuel S. Blustein, Houston, for relator.

Thomas R. Conner, Houston, for respondent.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an original mandamus proceeding involving the issue of whether a Texas district court may exercise its continuing jurisdiction to modify a child custody decree when the child's home state is now California. Because the respondent district judge improperly assumed jurisdiction and ordered a change in the custody of the child, we conditionally grant the writ.

Jeanne K. Heard Caplan, relator, and John F. Heard, Jr., real party in interest, were divorced on April 5, 1983 by a decree that appointed the mother as managing conservator of their daughter, Elaine, born March 3, 1978. The child and her mother have lived in California during the last three years, and it is undisputed that the child's home state is California. "Home state" is the state in which the child immediately preceding the time involved lived with a parent or parents for at least six consecutive months. TEX.FAM.CODE ANN. § 11.52(5) (Vernon 1986).

In June, 1989, the father filed a motion in the 310th Judicial District Court of Harris County, Texas, to offset his child support payments by $822, which represented the amount of prepaid airline tickets he claimed he had sent to California but were never used. The mother filed a special appearance, pro se, to contest the trial court's jurisdiction. When the court determined that it had jurisdiction to entertain the motion to modify child support, the mother did not oppose the motion, deciding it would be economically unfeasible to travel to Texas to defend it.

In October, 1989, the father amended his earlier-filed motion and sought custody of the child, even though the child was at that time actually residing in California. While there is a question of whether the mother was served with notice, that issue is immaterial to our disposition of the case. On December 19, after hearing testimony from the father, the trial court entered a default judgment ordering the mother to surrender the child to the father, and appointing the father as managing conservator. The next day, after another ex parte hearing, the Superior Court of California for the County of San Diego adopted the Texas order. The child was immediately transferred to the father's custody.

The mother has filed a petition for writ of mandamus in this Court to direct Judge Daggett to vacate his modification judgment because he did not have jurisdiction to hear the suit. In the alternative, she contends that notice was inadequate, thus the case should be re-heard. Finally, she would ask that a new trial be granted.

■■■ The Texas version of the Uniform Child Custody Jurisdiction Act (UCCJA) clearly provides:

> Except on written agreement of all the parties, a court may not exercise its continuing jurisdiction to modify custody if the child and the party with custody have established another home state unless the action to modify was filed before the new home state was acquired. TEX.FAM. CODE ANN. § 11.53(d) (Vernon 1986).

There is no written agreement between the parties to litigate the custody matter in the Texas district court. Since California is the child's "home state," section 11.53(d) prevents a Texas court from assuming jurisdiction, unless a provision of TEX.FAM. CODE ANN. § 11.53(a) applies. *Soto–Ruphuy v. Yates*, 687 S.W.2d 19, 21 (Tex.App. —San Antonio 1984, no writ) (citations omitted). Among these provisions is Section 11.53(a)(3)(B), which allows a Texas court to decide a child custody matter if, as here, the child is physically present in Texas, and

> it is necessary in an emergency situation to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or there is a serious and immediate question concerning the welfare of the child[.]. TEX.FAM.CODE ANN. § 11.53(a)(3)(B) (Vernon 1986).

After this Court granted Mrs. Caplan leave to file her petition for writ of mandamus, Mr. Heard asked the trial court to assume jurisdiction over the matter based upon the "emergency situation" provision. Judge Daggett set that motion for hearing on the day before this mandamus was set to be heard. This Court stayed that hearing in order to enforce our jurisdiction, and the question of whether an emergency situation exists is not before us.

In child custody disputes involving interstate children, jurisdiction must first be determined by reference to the provisions of Section 11.53. *Hemingway v. Robertson*, 778 S.W.2d 199, 200 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Soto–Ruphuy v. Yates*, 687 S.W.2d at 22. When a court acts beyond its power and jurisdiction, mandamus will lie. *Id.* Judge Daggett had no jurisdiction to hear the modification suit because jurisdiction to determine that issue lies clearly with the State of California as the home state of the child. We therefore direct Judge Daggett to vacate his order of December 19, 1989 modifying conservatorship. A writ of mandamus will issue only if he declines or refuses to do so.