**Teresa Novak KELLY, Appellant,**

v.

**Richard S. NOVAK, Appellee.**

**No. 17683.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 21, 1980.

Eikenburg & Stiles, John J. Eikenburg, Cheryl S. Cohorn, Houston, for appellant.

Jo Nelson, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and WARREN, JJ.

COLEMAN, Chief Justice.

This is an appeal from the denial of Teresa Novak Kelly's motion to set aside an order modifying the child visitation provisions of the parties' divorce decree. The principal issues relate to the contention that the trial court lacked jurisdiction in view of the fact that the managing conservator and the minor child were both residents of the State of Washington at the time the motion to modify the judgment was filed and that the trial court abused its discretion in entering the order from which the appeal is taken.

The parties were divorced by the decree of the 257th Court on November 15, 1978. Mrs. Kelly was appointed managing conservator of the minor child, Lindsey Christine Novak, born September 15, 1977. Appellee was appointed possessory conservator and was awarded liberal visitation rights. On the 22nd day of April, 1979, Mrs. Novak remarried and subsequently left the State of Texas. Richard Novak filed his motion to modify on October 1, 1979. Mrs. Kelly was served with notice of the motion to modify in the State of Washington and filed no answer. She did not appear at the hearing on the motion in December of 1979. The trial court's order entered on December 14, 1979, made material changes in the visitation provisions of the prior divorce decree.

Mrs. Kelly filed a motion to set aside the judgment on January 4, 1980, which was denied on January 11, 1980. Mrs. Kelly properly perfected an appeal from the order of December 14.

The courts of Texas are authorized to entertain a motion to modify the provisions of the divorce decree previously entered by that court setting the terms and conditions for possession of or access to a child upon a showing that the circumstances of the child have materially and substantially changed and that modification is in the best interest of the child. Tex.Fam.Code Ann. §§ 14.07, 14.08. § 14.08 provides that any party who will be affected by the motion to modify is entitled to thirty days notice of a hearing on the motion.

Mrs. Kelly admits that she was properly served in the State of Washington with the notice of the motion to modify. She contends that the court did not acquire jurisdiction to modify the order because both the managing conservator and the child were residents of the State of Washington.

The Supreme Court of Texas has held that in personam jurisdiction may be acquired over a non resident defendant in a divorce action by extra-territorial personal service of process if (1) a statute of the support ordering state has authorized acquisition of such jurisdiction in that manner, and (2) there exist sufficient contacts between the defendant and the forum relevant to the cause of action to satisfy "traditional notions of fair play and substantial justice." *Mitchim v. Mitchim,* 518 S.W.2d 362, 366 (Tex.1975).

Richard Novak, the appellee, contends that the trial court had in personam jurisdiction over appellant under the statutory long–arm provisions of § 11.051 of the Family Code or under the concept of continuing jurisdiction embodied in § 11.051 and § 11.052 of the Family Code. Section 11.051 provides:

"In a suit affecting the parent–child relationship, the court may exercise personal jurisdiction over a person on whom service of citation is required or over the person's personal representative, although the person is not a resident or domiciliary of the state, if:

(1) the child was conceived in this state and the person upon whom service is required is a parent or an alleged or probable father of the child·

(2) the child resides in this state, as defined by Section 11.04 of this code, as a result of the acts or directives or with the approval of the person on whom service is required;

(3) the person on whom service is required has resided with the child in this state; or

(4) notwithstanding Subdivisions (1), (2), or (3) above, there is any basis consistent with the constitutions of this state or the United States for the exercise of the personal jurisdiction."

▐ Mrs. Kelly concedes that the requirements of Section 11.051(1) and (3) have been fulfilled in this case. However, the due process clause of the 14th Amendment to the Constitution of the United States operates as a limitation on the jurisdiction of state courts to enter judgments affecting the rights or interests of nonresident defendants. A valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. The existence of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought and a sufficient connection between the defendant and the forum state as to make it fair to require defense of the action in the forum. *Kulko*

*v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). The Supreme Court of Texas, in recognition of the test set forth by the Supreme Court of the United States in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), requires the existence of three basic elements in order to sustain jurisdiction over a non–resident:

"(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

*U·-Anchor Advertising, Inc. v. Burt*, 553 S.W. 760 (Tex.1977); *O'Brien v. Lanpar Company*, 399 S.W.2d 340, 342 (Tex.1966).

▐ There is some evidence to sustain a conclusion that Mrs. Kelly had minimum contacts with Texas such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. The record gives this court no indication of whether the parties were married in Texas, and no indication of how long the parties resided in Texas. No evidence was presented to the trial court concerning the best interest and welfare of the child. However, the record reflects that the parties were divorced in Texas, and that the child was born in Texas. There is no testimony to establish the length of time that Mrs. Kelly and the child have resided in the State of Washington. In her motion to set aside the order and the affidavit filed in connection therewith, she admits that she was married to Mr. Kelly on April 22, 1979, and that she was married to him when she left the State of Texas. The motion to modify was filed on October 1, 1979. From these uncontro-

verted facts we can ascertain that the motion to modify was filed less than six months from the date that Mrs. Kelly left the State of Texas. There is evidence that Mrs. Kelly is amenable to the jurisdiction of the Texas court under the minimum contacts test.

■ By her first point of error Mrs. Kelly contends that the trial court lacked jurisdiction to render the order of modification because the managing conservator was not within the jurisdiction of the court. In her motion to set aside the judgment entered on December 13, 1979, Mrs. Kelly states that she was "duly and properly cited" to answer Mr. Novak's motion to modify. In an affidavit filed among the papers she states that she was served with the motion to modify on or about October 21, 1979. This was more than thirty days prior to the date set for the hearing. Section 14.08, Tex.Family Code Ann., authorizes the modification of that portion of a divorce decree providing the terms and conditions of conservatorship for, support for, or access to a child. It requires the filing of a motion in the court having jurisdiction of the suit affecting the parent/child relationship, and also provides that each party whose rights, privileges, duties, or powers may be affected by the motion is entitled to at least thirty days notice of a hearing on the motion. The motion with which we are concerned was properly filed in the court having continuing jurisdiction, and Mrs. Kelly was provided with proper notice and opportunity to be heard. Section 11.052, Tex.Family Code Ann., effective June 13, 1979, prohibits a court from exercising its continuing jurisdiction if the managing conservator and the child have been residents of another state for more than six months before the action was filed. The enactment of this legislation implies a legislative recognition of the existence of continuing jurisdiction in the Texas court for six months after the custodian and child leave the state.

■ While there is a conflict in Texas authority on the subject of extra-territorial application of continuing jurisdiction, we conclude that continuing jurisdiction can confer in personam jurisdiction over a non-resident defendant so long as the defendant is provided with notice and opportunity to be heard. *Oliver v. Boutwell*, 601 S.W.2d 393 (Tex.Civ.App.–Dallas, 1980); *Fox v. Fox*, 526 S.W.2d 180 (Tex.Civ.App.–Dallas 1975, no writ).

■ When a motion to set aside a default judgment and grant a new trial is timely filed, it is addressed to the sound discretion of the trial court. The action of the trial court will be overturned on appeal only on a showing of abuse of discretion. Mrs. Kelly states in her brief that she did not answer Mr. Novak's motion on the advice of her Washington attorney. Her failure to answer, therefore, was intentional and not due to a mistake or accident. *Messina v. Texas Bank and Trust Co. of Dallas*, 496 S.W.2d 649 (Tex.Civ.App.-Tyler 1973, no writ).

Mrs. Kelly's motion to set aside the default judgment makes no offer to indemnify Mr. Novak against the double expense of two trials. As a condition to the granting of this motion for new trial, Mrs. Kelly was required to reimburse the plaintiff for the costs of suit incurred in obtaining the default judgment. *United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958 (Tex. 1976). The motion to set aside default judgment was properly denied.

Mrs. Kelly complains that the trial court erred in modifying the existing order for visitation because there is insufficient evidence that the circumstances of the child have materially and substantially changed since the entry of the divorce decree. Section 14.08 of the Texas Family Code authorizes the trial court to modify a visitation order if the court finds that the circumstances of the child have materially and substantially changed, but § 14.07 requires a finding that modification is in the best interest of the child.

The trial court recited in its judgment that the circumstances surrounding visitation with the child have changed materially and that the modifications made by the

court were in the best interest of the child. In support of these findings there was testimony that at the time of the divorce the child was a resident of Harris County, Texas. There was testimony that the managing conservator had remarried and that she and the child were living with her new husband in Tacoma, Washington. Mr. Novak, the possessory conservator, testified that because of the distance he would have to travel it would be financially impossible for him to exercise the visitation rights granted him as the possessory conservator in the divorce decree. He also testified that Mrs. Kelly would not speak to him and that they were not able to work out suitable visitation arrangements; that he had a nice apartment in Houston; that his parents also had a nice home in Houston; that he was employed and had not remarried; and that his parents would assist him in caring for the child during visitation.

There is evidence from which an inference can be drawn that the visitation provisions in the divorce decree are unworkable and inappropriate. This evidence will support a finding of a substantial and material change in circumstances of the child with regard to previously ordered visitation rights. *Leithold v. Plass*, 413 S.W.2d 698 (Tex.1967); *Rogers v. Williamson*, 489 S.W.2d 558 (Tex.1973). Evidence supporting a change in visitation rights would not necessarily support an order changing the custody of a minor child. The judgment under review modified the divorce decree with respect only to visitation rights of Mr. Novak and the custody of the child as awarded in the divorce decree was not affected. *Leithold v. Plass, supra.*

There is also evidence that the circumstances of Mr. Novak and Mrs. Kelly, "persons affected by the portions of the decree to be modified," have materially and substantially changed. See: § 14.08(c)(2); Tex.Fam.Code Ann. The amended order is authorized if it is shown to be in the best interests of the child.

Mrs. Kelly asserts that the modification order entered by the trial court constitutes an abuse of discretion considering the age of the child and the extensive nature of the visitation provisions provided in the revised order. The divorce decree awarded visitation to Mr. Novak on the first, third and fifth week-end of each month. At that time the child resided in Harris County, Texas. The modifying order entered on December 14, 1979, provided generally for visitation by Mr. Novak during nine days of each month, four weeks in the summer, and seven days in the spring and at Christmas, and authorized Mr. Novak or his parents, who were designated the agents of Mr. Novak, to remove the children from Washington to Houston, Texas.

The burden rested on Mr. Novak to establish by evidence that a change or modification of the prior order setting the terms and conditions for access to his child would be in the best interest of the child. Tex.Family Code Ann. § 14.07(a); *Little v. Little*, 590 S.W.2d 620 (Tex.Civ. App. Tyler 1979, no writ). The evidence before the trial court is not sufficient to support a finding that the changes made in the visitation order are in the best interest of the child. It will be presumed that in entering the divorce judgment the trial court found that visitation by the father was in the best interest of the child. While in this case some visitation by the father is in the best interest of the child, there must be evidence that the order authorizing the greatly increased periods of visitation and also authorizing transportation of the small child from the State of Washington to the State of Texas each month is in the best interest of the child. Mr. Novak has failed to sustain his burden of proof in this regard. The action of the court in modifying the former divorce decree constitutes an abuse of discretion.

The judgment is reversed and the cause is remanded.