**Dianna Sue CARROLL, Appellant,**

v.

**John F. JONES, III, Appellee.**

**No. 2–82–194–CV.**

Court of Appeals of Texas,
Fort Worth.

June 22, 1983.

H. Deloyd Bailey, Wichita Falls, for appellant.

John F. Jones, III, Anchorage, Alaska, for appellee.

Before ASHWORTH, BURDOCK and SPURLOCK, JJ.

## OPINION

SPURLOCK, Justice.

Appellant, Dianna Sue Carroll, brought an action in the 78th District Court, Wichita County, seeking an increase in child support from appellee, John F. Jones, III. That court ruled that it lacked subject matter jurisdiction, as the parties and children no longer live in Texas, and dismissed.

We affirm.

Jones has not filed an appellate brief and is acting pro se in this matter. Carroll's sole contention is that the trial court was incorrect in ruling that it had no jurisdiction. She argues that Tex.Fam.Code Ann. § 11.05 (Supp.1982) provides for continuing jurisdiction of the district court, because Jones had submitted to that court's jurisdiction in 1979 when the court entertained and granted an order reducing the amount of child support Jones was to pay. Carroll also maintains that Tex.Fam.Code Ann. § 11.052 (Supp.1982) does not operate in this instance to supersede the district court's continuing jurisdiction.

The district court ruled that it had in personam jurisdiction over Jones, due to his voluntary submission to jurisdiction in 1979, [see *Kelly v. Novak*, 606 S.W.2d 25, 29 (Tex. Civ.App.—Houston [1st Dist.] 1980, no writ) and Tex.Fam.Code Ann. § 11.051 (Supp. 1982)], but that it lacked subject matter jurisdiction, as the parties and children were no longer living in Texas. The parties were divorced in Florida in 1976. Dianna Sue (Jones) Carroll subsequently married Captain Ben Carroll, an officer of the United States Air Force. The Carrolls were stationed in Texas when she filed suit in 1978 to modify the Florida decree. Jones had submitted to the district court's jurisdiction and that court entered an order reducing the amount of child support due from Jones in January of 1979. Jones continued to pay this amount. The Carrolls and all their children subsequently left Texas, moving to Colorado upon orders of the Air Force, where they bought a house. Captain Carroll maintained his domiciliary status in Palestine, Texas. Both Carrolls possess Texas driver's licenses and bank in Palestine, although they do not own real estate in Texas. After a period of time in excess of six (6) months after the date the Carrolls and subject children left Texas, Carroll filed the instant suit seeking an increase in child support because of alleged additional needs of the children. Process was served upon Jones in Georgia. After service, but prior to the ruling of the district court, Jones moved to Alaska.

Section 11.052 states:

(a) Except on the written agreement of all the parties, a court may not exercise its continuing jurisdiction to modify:

(1) the appointment of a managing conservator if the managing conservator and the child have established and continued to maintain their principal residence in another state for more than six months unless the action was filed and pending before the six-month period; or

(2) any part of a decree if all of the parties and the child have established and continue to maintain their principal residence outside this state.

(b) This section does not affect the power of the court to enforce and enter a judgment on its decree.

We are therefore called upon to determine whether the Carrolls have established and maintained their principal residence outside this state, and thus, whether the district court had subject matter jurisdiction. A member of the armed forces of the United States does not acquire a new domiciliary merely by virtue of being stationed at a particular place in the line of duty, unless

he shows a change by proof of clear and unequivocal intention. *Pippin v. Pippin,* 193 S.W.2d 236 (Tex.Civ.App.—Galveston 1946, no writ). Moreover, the presumption that one's actual residence is his domicile does not arise when one is a member of such an armed service, as he moves pursuant to orders, not by choice. *Wilson v. Wilson,* 189 S.W.2d 212 (Tex.Civ.App.—Fort Worth 1945, no writ); *Pettaway v. Pettaway,* 177 S.W.2d 285 (Tex.Civ.App.—El Paso 1943, no writ); *Skubal v. Skubal,* 584 S.W.2d 45, 45–46 (Tex.Civ.App.—San Antonio 1979, writ dism'd). In fact, even had Mrs. Carroll married a civilian, an allegation of her residence out of the state would not necessarily negate the possibility of her being a Texas domiciliary. "[T]he fact that one resides elsewhere does not destroy one's Texas domicile so long as there was an intention to retain that domicile." *Los Angeles Airways, Inc. v. Lummis,* 603 S.W.2d 246, 248 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.), *cert. denied,* 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982). However, § 11.052 uses the term "principal residence", not "domicile". We hold that although Carroll by virtue of her husband's occupation may retain her "domicile" in Texas, although actually residing in Colorado or elsewhere pursuant to military orders, her principal residence for purposes of the jurisdiction of the district court to entertain a motion to modify child support is that place where she and her children maintain their home. There is no evidence before us that she and her children maintain several residences, the principal one of which is in Wichita County, Texas, but only that they live (as of the time the cause was filed) in a home which the Carrolls have purchased in Colorado. The Wichita County district court no longer has a jurisdictional interest in the care and support of the children. All of the parties and the children have established and continue to maintain their principal residence outside this state. Therefore, the district court may not exercise its continuing jurisdiction to modify any part of a decree. The district court correctly concluded that it lacked subject matter jurisdiction. Section 11.-052(a)(2) and *Perry v. Ponder,* 604 S.W.2d 306, 316–317 (Tex.Civ.App.—Dallas 1980, no writ), which states:

> If the child and the parent seeking to invoke the court's powers have only a tenuous relation with the forum state, the court may properly decide that the best interest of the ·child requires it to defer to the courts of another state having a more substantial interest and better access to relevant information. Traditionally, this declination to entertain the suit has been stated in terms of *lack of jurisdiction over the subject matter,* which may be ground for dismissal even though all parties are legally before the court. *Ex parte Birmingham,* 150 Tex. 595, 244 S.W.2d 977, 978–79 (1952). As a matter of sound administration of justice, Texas courts will not intervene in the domestic affairs of nonresidents, but will leave them to litigate in their home states. *Ex parte Birmingham, supra....* [Emphasis added.]

Carroll argues that, even should we find that all of the parties and the children have established and continue to maintain their principal residence outside Texas, the statute does not mandatorily deprive a court from exercising its continuing jurisdiction, as § 11.052(a) provides: "a court *may not* exercise..." (Emphasis added.) We find this contention to be without merit. "Section 11.052, ... *prohibits* a court from exercising its continuing jurisdiction if the managing conservator and the child have been residents of another state for more than six months before the action was filed...." (Emphasis added.) *Kelly v. Novak, supra,* at 29. *See also Campbell v. Campbell,* 617 S.W.2d 795, 797–798 (Tex. Civ.App.—Austin 1981, writ ref'd n.r.e.). Although *Kelly, supra,* dealt with the application of § 11.052(a)(1), the language "may not" also applies to § 11.052(a)(2), and we find that its effect is to prohibit the court from exercising its continuing jurisdiction to modify any part of a decree if all of the parties and the children have established and continue to maintain their principal residence outside this state.

The judgment of the 78th District Court is affirmed.