**Paula Pat PECK, formerly
Jones, Appellee,**

v.

**Bennie Wayne JONES, Appellant.**

No. 81193.

Court of Appeals of Oklahoma,
Division No. 3.

June 14, 1994.

Patricia A. Goodin, Kay Karen Kennedy, Ardmore, for appellant.

## OPINION

GARRETT, Vice Chief Judge:

In 1985, the parties were divorced by the judgment of the District Court of Randall County, Texas. Appellee was awarded custody of the minor child of the parties, subject to Appellant's visitation rights, and Appellant was ordered to pay child support to Appellee. Shortly after the divorce, both parties and the minor child moved to Oklahoma. All of them are, and have been for several years, residents of Oklahoma. Appellee and the child live in Stephens County, Oklahoma, and Appellant resides in Murray County, Oklahoma.

Appellant lost his job at Halliburton Service in Davis, Oklahoma. He contends his ability to pay child support has materially diminished as a result of his termination and his inability to secure gainful employment in the area where he lives.

On September 25, 1992, Appellant filed authenticated copies of the Texas Divorce Decree and an Agreed Supplemental Order Regarding Employment Benefits in the District Court of Stephens County, Oklahoma. Notice of filing the foreign decree was given. Then he filed a motion to modify the Decree of Divorce as to the amount of child support based on his present income and in accordance with Oklahoma Child Support Guidelines.

Appellee moved to dismiss for lack of jurisdiction. She contended jurisdiction was vested in the District Court of Randall County, Texas. The trial court agreed with her and ordered the case dismissed. Her motion for Attorney Fees was sustained; and, the court ordered Appellant to pay her attorney fees. Appellant moved to vacate the order of dismissal which motion was denied. Appellant appeals all of these trial court orders.

In the trial court Appellee contended subject matter jurisdiction did not exist because "proper venue" is in the District Court of

Randall County. She cited 43 O.S.1991 § 504(2), a portion of the Uniform Child Custody Jurisdiction Act, as providing that "Custody determination" does not include any matter relating to child support or other monetary obligation of any person. She contended, in effect, that the UCCJA applied only to "custody" matters. Then Appellee contended, in the trial court, that the Uniform Enforcement of Foreign Judgments Act, 12 O.S.1991 § 719, et seq. does not apply in this instance because it relates only to the enforcement of a foreign judgment, and does not purport to vest jurisdiction in any Oklahoma Court to change or modify the provisions of the foreign judgment.

As pertinent here, Appellant contended in the trial court that the Texas Divorce Decree was properly filed in Oklahoma as a foreign judgment, and the Oklahoma Court had jurisdiction to hear and rule on his motion to modify the amount of child support to be paid. In general, we find the cases cited by Appellant are not in point and do not support his position, with the exception noted hereinafter as being decisive of this appeal.

■ We agree with Appellant that the UCCJA applies only to child custody, and does not apply to child support. UCCJA is simply not authority for the proposition that the trial court either did or did not have subject matter jurisdiction in this matter, and any reliance thereon was not well taken. We agree with the trial court, and with the position taken by Appellee in trial court, that proper venue and jurisdiction of Appellant's motion to modify child support, *under ordinary circumstances,* is vested in the Texas Court, and its judgment in that respect is entitled to full faith and credit under the Constitution of the United States. However, *ordinary circumstances* appear not to be in existence in this case.

It may be that Appellee came to recognize the unusual circumstances existing here. However that may be, Appellant filed his brief in chief in support of his contentions that this case must be reversed, and Appellee did not file any brief in support of the trial court judgment. Thus, this appeal is submitted on Appellant's brief only. We have no duty to search the record for some theory to sustain the trial court's judgment. If Appellant's brief is reasonably supportive of the allegations of error, we will ordinarily reverse the judgment with appropriate directions. *Cooper v. Cooper,* 616 P.2d 1154 (Okl.1980). In stating Appellee's contentions hereinabove, we have been careful to point out that those arguments were made in the trial court. Appellee makes no contentions in this Court. We find Appellant's contentions for reversal to be reasonably supported by his brief, and reverse the trial court's orders.

Appellant contended in the trial court, and now in this Court, that he was denied the right to be heard by a court of competent jurisdiction by the ruling of the trial court. This, says Appellant, violates Oklahoma Constitution, Art. II, Section 6, which provides:

The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.

In *Woody v. State,* 833 P.2d 257, (Okl. 1992), the court said:

The clear language of art. 2, sec. 6 requires that the courts must be open to all on the same terms without prejudice. The framers of the Constitution intended that all individuals without partiality could pursue an effective remedy designed to protect their basic and fundamental rights.

In addition, Appellant argues he was denied due process of law as that concept is contemplated by Oklahoma Constitution, Art. II, Section 7, and the Fifth and Fourteenth Amendments to the United States Constitution. He quotes from *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) as follows:

... due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a *meaningful opportunity to be heard.* (emphasis supplied)

In connection with his claim that he was denied the right to be heard by a court of

competent jurisdiction, Appellant points out that Appellee, the child, and Appellant all are residents of the State of Oklahoma, and have continued to reside here for several years since the original divorce decree was entered. Then Appellant cites and quotes from Section 11.05(g) of the Texas Family Code Annotated (Vernon 1986), as follows:

... A court of this state may not exercise its continuing jurisdiction to modify any part of a decree if the child and all parties have established and continue to maintain their principal residence or home outside this state ...

The Texas decisions in *Carroll v. Jones*, 654 S.W.2d 54 (Tex.Ct.App.1983) and *Perry v. Ponder*, 604 S.W.2d 306, (Tex.Civ.App.1980), are cited by Appellant for the proposition that the statute prohibits exercise of jurisdiction when all parties and the child have established and continue to maintain a principal residence outside of Texas.

In *Willhite v. Willhite*, 546 P.2d 612 (Okl. 1976), the custodial parent (ex-wife) filed a Texas divorce judgment in Oklahoma, and proceeded under it in an attempt to collect child support from her ex-husband. The Supreme Court held the judgment was properly recorded in Oklahoma under the Uniform Enforcement of Foreign Judgments Act, notwithstanding a contention that it violated the Uniform Foreign Money Judgments Recognition Act. In effect, the court said the contention was without merit because the proceeding was not conducted under the Act it allegedly violated. Certainly, if one of the parties to a foreign divorce decree may properly file the judgment in Oklahoma pursuant to the Uniform Enforcement of Foreign Judgments Act, then the other party has an equal right to file the judgment in this State.

In *Roundtree v. Bates*, 630 P.2d 1299 (Okl. 1981), the court considered issues relating to the UCCJA and continuing jurisdiction of the courts of a sister State in divorce cases involving child custody. The court held:

Absent some unusual circumstances which would jeopardize welfare of a child, recognition is extended, on common-law principles of comity, to continuing jurisdiction of a valid sister state's custody order which meets due process standards of notice and opportunity to be heard.

The *Roundtree* Court recognized the importance of due process standards of notice and opportunity to be heard.

█ If Appellant's right to be heard in Texas is barred by its statutory laws and court decisions, then the trial court's dismissal of Appellant's Motion to Modify Child Support results in a denial of his right to be heard in a court of competent jurisdiction. Obviously, this violates the provisions of Oklahoma Constitution, Art. II, Section 6, and he is thereby denied due process of law in violation of Oklahoma Constitution, Art. II, Section 7, and the Fifth and Fourteenth Amendments to the Constitution of the United States.

It follows that the trial court's order dismissing the action and the trial court's order denying Appellant's motion to vacate must be and they are vacated. The order requiring Appellant to pay Appellee's attorney fees is also vacated. The matter of attorney fees must await a final determination of this matter in the trial court. This case is reversed and remanded to the trial court for further proceedings consistent with this Opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

HUNTER, P.J., and BAILEY, J., concur.