Fidelma M. CREAVIN, Appellant,

v.

Thomas M. MOLONEY, Appellee.

No. 13–88–267–CV.

Court of Appeals of Texas,
Corpus Christi.

June 8, 1989.

Rehearing Denied July 7, 1989.

William A. Dudley, Edwards & Perry, Corpus Christi, for appellant.

Janis Graham Jack, Law Office of Janis Graham Jack, Corpus Christi, for appellee.

Before UTTER, BENAVIDES, and DORSEY, JJ.

## OPINION

UTTER, Justice.

Fidelma M. Creavin, appellant, filed an original suit affecting the parent-child relationship against Thomas M. Moloney, appellee, seeking child support, a "confirmation" of appellant as the managing conservator, and attorney's fees. The entire suit, however, was subsequently dismissed by the trial court for lack of jurisdiction.

The parties were married in the Republic of Ireland, a country in which they were both citizens and residents. Their only child was born in 1977 while they were still residing in Ireland. Appellee subsequently immigrated to the United States and joined a family practice residency program in Pennsylvania, where he was later joined by appellant and their child. Approximately

three years later, appellant and their child returned to Ireland. Appellee thereafter sought and obtained a decree of divorce in Pennsylvania which terminated the marriage, but which did not refer to or make any determinations regarding either support or custody of the child of the marriage. Appellee has resided in Corpus Christi, Nueces County, Texas since January of 1984, and is currently a resident alien with application for citizenship pending. The child has lived with appellant in Ireland since the parties were divorced.

During the course of the hearings, the following stipulations in the form of judicial admissions were entered by appellant's counsel: (1) that both appellant and the child are residents and citizens of Ireland; (2) that neither appellant nor the child are physically present in the United States, but rather are in Ireland; (3) that the child is not and never has been a Texas resident; and (4) that the parties were divorced in Pennsylvania in 1982 by the decree of divorce attached to her original petition.

Appellee filed a "Special Appearance to Challenge Jurisdiction" under the authority of Tex.R.Civ.P. 120a. During the course of the hearing on that motion, appellee testified that his present residence is in Corpus Christi, Nueces County, Texas. Appellee's counsel thereafter informed the court that he was not challenging either the personal jurisdiction or the service of citation he had received. The court subsequently denied appellee's special appearance requested under Tex.R.Civ.P. 120a. The court then permitted appellee to challenge the subject matter jurisdiction of the trial court. Appellee argued that appellant failed to invoke the court's jurisdiction because she had not complied with Tex.Fam.Code Ann. § 11.59 (Vernon 1986) (information under oath to be submitted to the court). No further rulings were made by the court at that hearing.

On March 25, 1987, the trial court sent the parties a letter which stated, in relevant part:

Counsel:

This is an original suit to have the custodial parent confirmed as managing conservator, and to establish support for the child.

\*    \*    \*    \*    \*    \*

Respondent has challenged the jurisdeiction [sic] of the Court to hear this matter.

Considering the pleadings, evidence presented at hearing 13 March 1987, and briefs filed, it appears:

Petitioner may bring suit. Family Code Section 11.03(a)(1) and (8).

However, venue does not appear to lie, and another court may have jurisdiction of the "claim." Family Code 11.04, and various subparts.

Further, there does not appear to be any compelling constitutional basis for the Court to exercise its jurisdiction. Family Code 11.051.

Custody is an issue in this cause. The Court has been asked to "confirm" a de facto managing conservatorship. It seems that before the Court can require a parent to pay child support, custody must first be determined. Hence, Family Code 11.51 et seq., are applicable.

Petitioner herein has not pled her cause in accordance with Family Code 11.59.

Finally, if the Court has jurisdiction it may be under Family Code 11.53(a)(4). Pleadings and proof are necessary.

Petitioner may have a reasonable time to replead her cause, per Family Code 11.02, or alternatively, the cause will be dismissed for lack of jurisdiction.

Appellant filed her First Amended Petition on April 1, 1987, wherein she alleged that the "court has jurisdiction to make a child custody determination by initial decree because it is in the best interest of the child that this court assume jurisdiction and [that] no other state would have jurisdiction under prerequisites substantially in accordance with Tex.Fam.Code Ann. § 11.53(a)(1), (2) or (3). No other state has accepted or declined to exercise jurisdiction." Appellant's counsel also signed and filed an affidavit pursuant to Tex.R.Civ.P. 14 in which he attempted to comply with

Tex.Fam.Code Ann. § 11.59(a) (Vernon 1986).

Appellee thereafter filed his First Amended Motion to Dismiss for Lack of Jurisdiction. This motion challenged jurisdiction on both grounds that there were no pleadings to show that "Texas had jurisdiction over Pennsylvania" under the Uniform Child Custody Jurisdiction Act, and that appellant had failed to file pleadings in accordance with the trial court's March 25, 1987 instructions. Specifically, appellee complained that appellant had still not filed verified pleadings in accordance with Tex. Fam.Code Ann. § 11.59 (Vernon 1986), and that appellant's counsel did not have personal knowledge of the facts sworn to in his affidavit.

On May 4, 1987, the court held a hearing on appellee's motion to dismiss for want of jurisdiction. Appellant was not personally present, but was represented by counsel. At the beginning of that hearing, appellant's counsel informed the court that he had sent appellant an affidavit for her to sign but that he had not yet received it back in the mail. Appellee subsequently argued that Tex.R.Civ.P. 14 did not give appellant's counsel the authority to sign for his client absent personal knowledge. Appellee then called appellant's counsel to testify regarding whether he had personal knowledge of the facts contained in his affidavit. Appellant's counsel, in effect, testified that he based those statements on appellee's testimony from the previous hearing, information supplied by appellant, and his own independent research regarding the existence of any suit affecting the parent-child relationship in Texas and Pennsylvania. The court thereafter dismissed the entire suit for lack of jurisdiction,[1] and stated the following:

> THE COURT: ... I am of the opinion that custody remains the primary matter that the Court has got to consider before it can get to the matter of support. This, notwithstanding that the Family Code does require that both parties support the child. Again, I think before I can order one parent to pay the other one support, there has got to be custody or conservatorship determination.
>
> I am of the opinion, as I was earlier, I believe specifically on the 25th day of March, 1987 when I wrote counsel a letter outlining my feelings about this case that the Court does not have—it does not have jurisdiction in this case. The petitioner's supporting affidavit, filed along with the First Amended Suit pertaining to the parent/child relationship, is not enough. It does not comply with, in my opinion, Sec. 11.59(a) of the Family Code. Therefore, I am going to dismiss this case for want of jurisdiction.

By six points of error, appellant contends the trial court erred in dismissing her suit affecting the parent-child relationship. Point one generally complains that the trial court erred in dismissing her suit for lack of jurisdiction. Points two through four assert that the trial court erred in compelling her to replead her suit for child support to include a claim for custody, in dismissing her entire suit for lack of jurisdiction, and in concluding that a parent has no duty to support a minor child prior to the appointment of a conservator. Specifically, appellant argues that the designation of conservatorship is not a condition precedent to a cause of action for child support, but rather, that they are mutually exclusive causes of action. Points five and six contend that the trial court erred in applying the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.) to the facts of the case at bar, and in determining that a cause of action for custody was barred in Texas under that Act.

Before reaching the merits of appellant's arguments, we note that although appellant has complained generally on appeal concerning the trial court's failure to file findings of fact and conclusions of law, there is no point of error on this issue in her brief. Appellant, therefore, has waived

1. The trial court signed the Order of Dismissal on May 13, 1987. An affidavit signed by appellant personally on May 1, 1987 was subsequently filed on May 26, 1987 with her second amended petition. This affidavit substantially complies with Tex.Fam.Code Ann. § 11.59(a) (Vernon 1986).

her right to complain. *See Department of Human Resources v. Wininger*, 657 S.W.2d 783, 783 (Tex.1983); *Cameron v. MacDonell*, 659 S.W.2d 911, 912 (Tex.App.—Corpus Christi 1983, no writ). Where findings of fact and conclusions of law are not filed, the judgment of the trial court must be affirmed if it can be upheld on any theory that finds support in the evidence. *Point Lookout West, Inc. v. Wharton*, 742 S.W.2d 277, 278 (Tex.1987); *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984).

We must first address the issue regarding whether the Pennsylvania court which entered the decree of divorce has continuing, exclusive jurisdiction over all matters affecting the parent-child relationship, including child support and custody.

■ No proof of Pennsylvania law was introduced or even discussed at the hearings. Moreover, the trial court was never requested to take judicial notice of Pennsylvania law and the record is devoid of any indication that the trial court took judicial notice of those laws on its own motion. Therefore, the Pennsylvania law will be presumed to be the same as Texas law. *Ogletree v. Crates*, 363 S.W.2d 431, 435 (Tex.1963); *Ewing v. Ewing*, 739 S.W.2d 470, 472 (Tex.App.—Corpus Christi 1987, no writ); Tex.R.Civ.Evid. 202; Tex.R.Civ.P. 184.

■ Under Texas law, a suit for divorce must include a suit affecting the parent-child relationship if there is a child of the marriage. Tex.Fam.Code Ann. § 3.55 (Vernon 1975). However, a court may not exercise its continuing jurisdiction to modify any part of a decree if the child and all the parties have established and continue to maintain their principal residence or home state outside this state. Tex.Fam.Code Ann. § 11.05(g) (Vernon 1986).

■ In the instant case, the Pennsylvania court entered a decree of divorce, but failed to enter any judgment regarding the parent-child relationship. No final order has been entered regarding the parent-child relationship in the Pennsylvania court, and "a court does not acquire continuing, exclusive jurisdiction over the matters provided for under this subtitle in connection with the child before the entry of a final decree." Tex.Fam.Code Ann. § 11.05(e) (Vernon 1986). Moreover, neither the child nor the parties presently reside in Pennsylvania, but each maintains their principal residence outside of that state.

We conclude, therefore, that the Pennsylvania court which entered the decree of divorce no longer has jurisdiction to modify that decree on any matter affecting the parent-child relationship. *Carroll v. Jones*, 654 S.W.2d 54, 56 (Tex.App.—Fort Worth 1983, no writ). Further, we conclude that insofar as the Texas court has jurisdiction over the causes of action, a subsequent suit could be commenced as an original proceeding in the Texas courts.[2] Tex.Fam.Code Ann. § 11.05(e) (Vernon 1986).

■ We now must turn to the more difficult questions concerning whether the Texas court has jurisdiction to entertain this suit affecting the parent-child relationship. In this case, the trial court has dismissed both appellant's causes of action for child support and custody for lack of jurisdiction. A trial court's refusal to exercise its jurisdiction over a suit affecting the parent-child relationship will not be disturbed on appeal absent a clear abuse of discretion. *See Haley v. Haley*, 713 S.W.2d 801, 804 (Tex.App.—Houston [1st Dist.] 1986, no writ).

## JURISDICTION OVER CHILD SUPPORT

■ Texas law does not require that the court make a child custody determination prior to the entry of an order for child support. Tex.Fam.Code Ann. § 11.01(5) (Vernon Supp.1989). To the contrary, each parent is obligated to support his or her child during the period of the child's minority, and is liable to "any person" who pro-

---

2. Although Tex.Rev.Civ.Stat.Ann. art. 4639c used to expressly provide for a situation in which a foreign jurisdiction had entered a divorce decree which was silent as to support and custody of a child, that article was repealed in 1985 and is no longer directly provided for under Texas law.

vides necessaries for that child. Tex.Fam. Code Ann. §§ 4.02, 12.04 (Vernon 1986); *see also Uhl v. Uhl,* 524 S.W.2d 534, 537–38 (Tex.Civ.App.—Fort Worth 1975, no writ). This duty is imposed at the birth of the child, and is not altered merely because the parents subsequently get divorced. Rather, any person, including the other parent, who provides necessaries for that child may bring suit to recover from a parent who fails to discharge that duty of support. *See Perry v. Ponder,* 604 S.W.2d 306, 312 (Tex.Civ.App.—Dallas 1980, no writ); *Lane v. Mangum,* 203 S.W.2d 945, 946 (Tex.Civ. App.—Galveston 1947, no writ). Therefore, a determination of custody is irrelevant to the determination of child support owed by the parents, and, if necessary, each may be brought as independent causes of action.

■ We further hold that there is no requirement that a party comply with the Uniform Child Custody Jurisdiction Act, Tex.Fam.Code Ann. subch. B (Vernon 1986) (U.C.C.J.A.), prior to bringing a suit for child support. *Overcash v. Overcash,* 466 So.2d 1261, 1262 (Fla.Dist.Ct.App.1985); *Olivia H. v. John H.,* 130 Misc.2d 756, 497 N.Y.S.2d 838, 839–40 (N.Y.Fam.Ct.1986); *Rodgers v. Rodgers,* 627 P.2d 1381, 1383–84 (Wyo.1981). The jurisdictional prerequisites of the U.C.C.J.A. only govern in "custody" actions and do not limit the court's jurisdiction to hear matters involving child support. Tex.Fam.Code Ann. § 11.53 (Vernon 1986). In fact, Tex.Fam.Code Ann. § 11.52(2) (Vernon 1986) expressly describes a "custody determination" as follows:

> [a] court decision and court orders and instructions providing for the custody of a child, including visitation rights, but does not include a decision relating to child support or any other monetary obligation of any person.

■ The rationale behind this legislation is that due process requires that claims for child support be brought in a state where the *defendant* has at least some form of minimal contacts. *Perry,* 604 S.W.2d at 313. This is because a support claim is analogous to a claim for debt and it is generally believed that the courts of the State in which the defendant resides are in a better position to determine the defendant's ability to pay. *Id.* Child custody, on the other hand, focuses primarily on the "status" of the child, and it is generally believed that the state with the closest connection to the *child* has the greatest access to information concerning the child's care, protection, training, and relationship. *See* Tex.Fam.Code Ann. § 11.51(a)(3) (Vernon 1986). Moreover, the underlying principle behind jurisdiction in a child custody matter is the duty of the state to look after the welfare of individuals residing within its borders. *Wicks v. Cox,* 146 Tex. 489, 208 S.W.2d 876, 878 (1948). However, the special jurisdictional principles used in custody determinations which are based on "status" or "subject matter" formulate a narrow exception to the "minimum contacts" standard, and do not include child support. *See Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978); *Perry,* 604 S.W.2d at 312–13; *Cf. Thornlow v. Thornlow,* 576 S.W.2d 697, 699 (Tex.Civ.App.— Corpus Christi 1979, writ dism'd w.o.j.), *cert. denied,* 445 U.S. 949, 100 S.Ct. 1596, 63 L.Ed.2d 784 (1980); *Hilt v. Kirkpatrick,* 538 S.W.2d 849, 851–52 (Tex.Civ.App.— Waco 1976, no writ).

■ We also hold that the status or subject matter jurisdiction permitted by Tex. Fam.Code Ann. § 11.051 (Vernon 1986) for suits affecting the parent-child relationship is merely an alternative means of obtaining jurisdiction when the court is unable to obtain personal jurisdiction over the nonresident party. In short, there is simply no requirement that there be both status and personal jurisdiction before a court may hear the case.

■ The record reveals that appellee's special appearance to challenge jurisdiction under Tex.R.Civ.P. 120a was denied at the March 13, 1987 hearing on that motion. Appellee has not brought any crosspoint on appeal regarding that ruling. Moreover, appellant, not appellee, was the non-resident in this case. Appellant by filing the suit, submitted herself to the per-

sonal jurisdiction of the court, and it is well-established that a valid judgment imposing a personal obligation or duty in favor of a party may be entered by a court having jurisdiction over the person of the defendant. *See Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *see also Texas Commerce Bank National Association v. Interpol '80 Limited Partnership,* 703 S.W.2d 765, 774–75 (Tex.App.—Corpus Christi 1985, no writ); *Steve Tyrell Productions, Inc. v. Ray,* 674 S.W.2d 430, 435 (Tex.App.—Austin 1984, no writ); Tex.R. Civ.P. 120a. Therefore, we conclude that the court erred when it dismissed appellant's cause of action for child support. Tex.Fam.Code Ann. § 11.051(4).

### JURISDICTION OVER CHILD CUSTODY

■ We believe our analysis of Tex. Fam.Code Ann. § 11.051 (Vernon 1986) applies equally as well to the issue of custody under the facts of this case. The U.C.C. J.A. sets forth the manner and means whereby a court may acquire jurisdiction over a non-resident when that party has no minimum contacts with the forum state. However, when the only non-resident has made herself amenable to the personal jurisdiction of the court, there is no reason for the court to attempt to exercise status or subject matter jurisdiction over the suit as permitted by the U.C.C.J.A., Tex.Fam.Code Ann. § 11.53 (Vernon 1986). The underlying motive behind the usage of status or subject matter jurisdiction is to acquire jurisdiction over an unwilling party who, on account of his lack of minimum contacts with the forum state, would not otherwise be properly before the court. The traditional notions of fairness, substantial justice and due process are not at issue when the non-resident makes herself amenable to the jurisdiction of the court.

■ On the other hand, one of the primary purposes behind the U.C.C.J.A. is to avoid jurisdictional competition and conflict with courts of other states in matters of child custody. Tex.Fam.Code Ann. § 11.51(a) (Vernon 1986). This necessarily includes courts of other nations and the intent of the U.C.C.J.A. has always been that its general policies shall apply to international custody cases. *See Garza v. Hamey,* 726 S.W.2d 198, 200 (Tex.App.— Amarillo 1987, no writ); *see also Plas v. Superior Court of San Joaquin County,* 155 Cal.App.3d 1008, 202 Cal.Rptr. 490, 492 (1984); *Hattoum v. Hattoum,* 295 Pa.Super. 169, 441 A.2d 403, 405 (1982); Tex. Fam.Code Ann. § 11,73 (Vernon 1986). Therefore, the trial court should consider the remaining provisions of the U.C.C.J.A. to determine whether it should entertain the cause of action for child custody. The ultimate decision, however, should be based on what is in the best interest of the child. The physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine custody. Tex.Fam.Code Ann. §§ 11.53(a)(4), (b) (Vernon 1986).

■ In the present case, appellant's attorney filed an affidavit pursuant to Tex.R. Civ.P. 14 which substantially complied with Tex.Fam.Code Ann. § 11.59 (Vernon 1986). This affidavit informed the trial court that there was no other litigation pending concerning the child. What is interesting, however, is the fact that the trial court never required appellee to submit such an affidavit. Tex.Fam.Code Ann. § 11.59(a) expressly requires that "unless all the contestants are residing in this state, *every party* in a custody proceeding in his first pleading or in an affidavit shall give [various] information under oath" (emphasis added). What is more important, however, is that there has been no inquiry into what is the best interest of the child. Specifically, although the court may decline to exercise its jurisdiction should it find that it is an inconvenient forum, it should not refuse to exercise jurisdiction if there is no more appropriate forum in the world. This fact should weigh heavily in the court's decision whether to entertain the suit because Tex. Fam.Code Ann. § 11.57 (Vernon 1986) only permits the declination of jurisdiction where a trial court "finds that it is an inconvenient forum to make a custody de-

termination ... *and that a court of another state is a more appropriate forum"* (emphasis added).

In the present case, there was no showing by any party that any other state, including Ireland, was a more appropriate forum.[3] Further, although appellant did not timely file her affidavit, her attorney's affidavit and subsequent testimony indicated that he had personal knowledge that no other causes regarding this parent-child relationship had been filed. Finally, while the trial court had the authority to dismiss the suit for failure to timely file a proper affidavit complying with Section 11.59, it was not authorized to dismiss the suit for lack of jurisdiction on that basis. We conclude, therefore, that the trial court erred in dismissing appellant's cause of action for custody of the child.

In summary, appellant's causes of action for child support and custody should not have been dismissed for lack of jurisdiction. We sustain appellant's points of error.

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court.

---

**3.** Absolute divorce cannot be obtained in Ireland and the courts in Ireland do not have any power over the children of a marriage, including the ordering of a settlement for their benefit. *See VIII* Martindale Hubbell Law Directory, Ireland Law Digest 4–5 (1988 ed.).