TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00296-CV






Robert L. Roberts, Appellant



v.



Judy M. Roberts, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 91-5273, HONORABLE PAUL DAVIS, JUDGE PRESIDING 







 We must determine whether a parent who fails to carry health insurance for his
child as ordered in the original decree of divorce may be ordered to reimburse the other parent
for the cost of premiums paid to maintain health insurance on the child. We conclude the trial
court properly enforced the original decree and did not modify its terms by ordering the non-compliant parent to reimburse the other parent. We will affirm the trial-court judgment. 


Factual Background


 Robert and Judy Roberts were divorced in 1991. The original divorce decree
required Robert to carry and maintain health insurance for the benefit of their daughter, Sarah. 
Robert never provided health insurance for Sarah. (1) At the time of the decree and thereafter, Judy
maintained health insurance for Sarah. In December 1998, Judy filed a motion to confirm child-support arrearage in excess of $10,000 plus $13,388.52 in insurance premiums she had paid for
Sarah's health insurance when Robert failed to cover the child. At trial, Robert stipulated that
Judy carried insurance on Sarah at a cost of $13,748.82. (2) The trial court found that Robert was
in arrears in both direct payments of child support and in child support in the form of health
insurance, and awarded Judy the amounts alleged in arrears, plus interest and attorney's fees. 
Robert appeals. 


Discussion


 Robert argues that the trial court erred by ordering him to reimburse Judy for the
cost of the insurance premiums she paid. Applicable at the time of the original decree, former
section 14.061(b) of the Family Code provided that in determining the manner in which health
insurance for the child is to be provided, the court shall consider the following factors:


(1) if health insurance is available for the child at the obligor's place of
employment, the court may order the obligor to include the child in the
obligor's health insurance; or


(2) if health insurance is not available for the child at the obligor's place of
employment but is available for the child at the obligee's place of
employment, the court may order the obligee to provide health insurance for
the child and in addition may order the obligor to reimburse the obligee for
the actual cost of the health insurance for the child; or


 . . . .


Act of July 16, 1989, 71st Leg., 1st C.S., ch. 25, § 15, 1989 Tex. Gen. Laws 74, 79 (Tex. Fam.
Code Ann. § 14.061(b), since repealed and recodified at Tex. Fam. Code Ann. § 154.182(b)
(West Supp. 2000)). Robert contends that pursuant to former section 14.061(b)(2), he could have
been ordered to reimburse Judy for insurance premiums in the original decree, but the trial court
did not include such an order. Thus, according to Robert, ordering reimbursement now is an
erroneous, unilateral modification of the decree. We disagree. 

 First, at the time the original decree was rendered, the trial court did not have the
option of ordering reimbursement. The findings of fact state that at the time of the divorce,
Robert had dependent health insurance available through his employer. Thus, former section
14.061(b)(2), which allows a court to order reimbursement, did not apply. Second, it is within
the trial court's discretion to enforce the terms of the decree without modifying its terms. See
Spradley v. Hutchison, 787 S.W.2d 214, 216 (Tex. App.--Fort Worth 1990, writ denied). In
Spradley, although Hutchison was ordered to maintain health insurance for the children, he did
not do so. Hutchison brought suit to enforce the parties' property settlement agreement with
which Spradley had not complied. The trial court awarded Hutchison the sum due pursuant to the
property settlement agreement offset by one-half of the insurance premiums paid by Spradley. 
The court of appeals rejected the argument that the trial court improperly modified the decree by
offsetting Hutchison's award with the insurance premiums, and held that because the order did
not purport to change the decree, it was not a modification. Id. at 217. It was within the trial
court's discretion, the court concluded, to compensate Spradley for the damages caused by
Hutchison's failure to insure the children as he was ordered to do. Id. 

 We agree with the reasoning in Spradley. The trial court did not change the decree
by requiring Robert to reimburse Judy. The trial court originally ordered Robert to maintain
insurance coverage for Sarah. Once the original decree became final, the insurance obligation was
fixed until modified by subsequent order. See In re Marriage of Vogel, 885 S.W.2d 648, 651
(Tex. App.--Amarillo 1994, writ denied). When Robert failed to comply with his insurance
obligation, Judy provided Sarah's insurance coverage. As in Spradley, the trial court merely
enforced Robert's obligation under the original decree by ordering him to compensate Judy for
assuming his neglected obligation. We conclude the trial court did not improperly modify the
original decree. 

 In addition, each parent is obligated to support his or her child during the child's
minority and is liable to "any person" who provides necessaries for that child. Tex. Fam. Code
Ann. § 151.003(a)(3), (c) (West 1996); Creavin v. Moloney, 773 S.W.2d 698, 702-03 (Tex.
App.--Corpus Christi 1989, writ denied). Any person, including the other parent, who provides
necessaries for the child may bring suit to recover from a parent who fails to discharge the duty
of support. Creavin, 773 S.W.2d at 703. Judy provided health insurance for Sarah that Robert 
had been ordered to provide. Accordingly, the trial court did not err in ordering Robert to
reimburse Judy for the amount she paid in insurance premiums. We overrule Robert's issue and
affirm the trial-court judgment.



 


 Bea Ann Smith, Justice


Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: January 21, 2000

Do Not Publish
1. Robert admits he would be responsible for Sarah's medical expenses because he did not
maintain insurance for her. Robert's willingness to pay medical expenses is irrelevant to the issue
on appeal since the trial court did not order him to pay medical expenses, but rather ordered him
to maintain insurance. 
2. The stipulation represents an additional two months of premiums from the time Judy filed
the motion to confirm until trial. 



89 Tex. Gen. Laws 74, 79 (Tex. Fam.
Code Ann. § 14.061(b), since repealed and recodified at Tex. Fam. Code Ann. § 154.182(b)
(West Supp. 2000)). Robert contends that pursuant to former section 14.061(b)(2), he could have
been ordered to reimburse Judy for insurance premiums in the original decree, but the trial court
did not include such an order. Thus, according to Robert, ordering reimbursement now is an
erroneous, unilateral modification of the decree. We disagree. 

 First, at the time the original decree was rendered, the trial court did not have the
opti