NUMBER 13-03-055-CV

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




LANCE WALKER,                                                                        Appellant,

v.

THE ESTATE OF TERESA
CANALES GUERRERO, DECEASED,                                          Appellee.




On appeal from the Probate Court
of Hidalgo County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Memorandum Opinion by Justice Castillo

         This is a declaratory-judgment action. McAllen National Bank, as dependent
administrator of the appellee, the Estate of Teresa Canales Guerrero,


 originally asked
the trial court to declare whether a purchase-and-sale contract between appellant
Lance Walker ("Walker") and Teresa Canales Guerrero ("Guerrero") was valid and
enforceable. Walker later counterclaimed for declaratory relief to enforce the contract. 
The trial court declared the contract void. Walker appealed. We ordered a stay of
further proceedings in the probate court pending the disposition of this appeal. By one
issue, Walker claims error in the trial court's conclusion that the contract is void,
arguing there was no evidence the contract was illegal or otherwise against public
policy. We affirm. 
I. RELEVANT FACTS
         This is a memorandum opinion. The parties are familiar with the facts. We will
not recite them here except as necessary to advise the parties of our decision and the
basic reasons for it. See Tex. R. App. P. 47.4. 
         During December 2001, Walker negotiated with Guerrero and her husband for
the purchase of an extensive tract of real estate. Sometime in late January or early
February 2002, Walker delivered a completed "farm-and-ranch" form contract to
Guerrero. He brought along a $25,000 earnest-money check dated January 25, 2002. 
The trial court admitted the original of the contract into evidence at trial. The contract
reflects an initial typed sales price of $2,498,914. The typed sales price is marked out
and the handwritten number $2,583,114 substituted.


 Walker's initials appear beside
the interlineation. Guerrero's initials do not. Both Walker and Guerrero's initials
appear on the bottom of each page. Their signatures appear on the signature page of
the contract. 
         The contract provided for a closing date by February 28, 2002. The time period
within which the contract required Walker to obtain financing ran from its effective
date. However, the effective date was not filled in. Guerrero wanted to "review" the
contract, Walker explained without objection, and probably wanted to "kick it
around."


 As a result, Guerrero kept the original of the contract.


 Walker kept the
earnest-money check and left. 
         The contract called for Walker to deliver the $25,000 earnest money to the title
company. He did not do so at the time. Guerrero died on February 13, 2002 without
delivering the contract to Walker or to the title company. Walker did not deliver the
earnest money to the title company until October 31, 2002. He delivered a copy of
the contract along with it. The original contract remained in the hands of Guerrero's
estate until introduced at trial. 
         Trial was to the court. The final judgment recited: 
IT IS THEREFORE ORDERED AND DECLARED BY THE COURT THAT THE
FARM AND RANCH CONTRACT SIGNED BY LANCE WALKER AND
TERESA CANALES GUERRERO, Deceased, that is attached to McAllen
National Bank's Original Petition for Declaratory Judgment, is not
enforceable and is void and of no effect to the record title of real
property. . . .
 
II. STANDARD OF REVIEW
         The trial court did not file findings of fact and conclusions of law.


 Accordingly,
we affirm the judgment if it finds support in the evidence on any theory applicable
to the case. In re W.E.R., 669 S.W.2d 716, 717 (Tex. 1984); Creavin v. Moloney,
773 S.W.2d 698, 702 (Tex. App.—Corpus Christi 1989, writ denied) (citing Point
Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987)). 
III. ANALYSIS
A. Applicable Law
         The material terms of a contract for sale include: (1) identification of the
property being sold; (2) the consideration or price paid for the property; and (3) the
parties' consent to exchange the property for the agreed price. John Wood Group
USA, Inc. v. ICO, Inc., 26 S.W.3d 12, 20 (Tex. App.–Houston [1st Dist.] 2000, pet.
denied). The requisites of a valid contract are: (1) an offer; (2) an acceptance in
strict compliance with the terms of the offer; (3) a meeting of the minds;
(4) each party's consent to the terms; and (5) execution and delivery of the contract
with the intent it be mutual and binding. Adams v. H & H Meat Prods., Inc.,
41 S.W.3d 762, 771 (Tex. App.–Corpus Christi 2001, no pet.). No binding contract
is formed where material terms are open for future negotiation. T.O. Stanley Boot Co.,
Inc. v. Bank of El Paso, 847 S.W.2d 218, 221 (Tex. 1992). 
         "Meeting of the minds" means the parties' mutual understanding and assent to
the expression of their agreement. Weynand v. Weynand, 990 S.W.2d 843, 846
(Tex. App.–Dallas 1999, pet. denied). We base our determination of whether there
was a meeting of the minds on an objective evaluation of what the parties said and
did rather than on their subjective states of mind. Angelou v. African Overseas
Union, 33 S.W.3d 269, 278 (Tex. App.–Houston [14th] 2000, no pet.); Copeland v.
Alsobrook, 3 S.W.3d 598, 604 (Tex. App.–San Antonio 1999, pet. denied). In
determining the intent of the parties, we look "to the communications between the
parties and to the acts and circumstances surrounding these communications." 
Angelou, 33 S.W.3d at 278. 
B. Application of the Law to the Facts
         Considering only evidence of the parties' objective communications and
conduct, we find that this record does not support any conclusion they came to a
meeting of the minds. Guerrero did not initial the interlineated sales price. The
effective date of the contract remained blank. Walker testified that Guerrero retained
the original of the contract to "review" and "kick around." Guerrero did not deliver the
contract to Walker or to the title company. Walker did not deliver the earnest-money
check to the title company until months after Guerrero's death. We conclude that the
parties did not reach a mutual understanding and assent to the interlineated purchase
price on the farm-and-ranch form contract as an expression of their agreement. See
Weynand, 990 S.W.2d at 846. Accordingly, we hold that the evidence does not
support the conclusion that Guerrero and Walker formed a contract. See H & H Meat
Prods., 41 S.W.3d at 771. 
         On appeal, Walker argues that only a contract that is illegal or against public
policy is "void." We do not find it necessary to address his contention. See Tex. R.
App. P. 47.1. The evidence supports the declaratory judgment on the legal theory that
the parties did not come to a meeting of the minds as to a material term and,
therefore, did not form a contract. See In re W.E.R., 669 S.W.2d at 717; see also
Creavin, 773 S.W.2d at 702. Thus, we do not determine the correctness of the trial
court's conclusion that the contract is unenforceable and void. We overrule Walker's
sole issue. 
IV. CONCLUSION
         We overrule all pending motions as moot. We affirm the declaratory judgment
of the trial court. This Court's stay order dated February 20, 2003 is hereby LIFTED. 
                                                               ERRLINDA CASTILLO
                                                               Justice
Memorandum Opinion delivered and
filed this 26th day of August, 2004.