NO. 07-07-0273-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 5, 2008
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

ROBERTO ANDRES MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 187TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2004CR1620; HONORABLE RAYMOND ANGELINI, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Roberto Andres Martinez, pleaded nolo contendere to the offense of
Violating Sex Offender Registration. Pursuant to a plea agreement, the trial court placed
the appellant on deferred adjudication community supervision for a period of two years and
a fine of $1,200. The State subsequently filed a motion to Enter Adjudication of Guilt and
Revoke Community Supervision. When advised of the allegations against him, appellant
initially pleaded ânot trueâ to all allegations. At a subsequent hearing, appellant entered
a plea of âtrueâ to several of the allegations. As a result of his plea of true, the trial court
assessed punishment of confinement in the Texas Department of Criminal Justice-State
Jail Division for a period of two years. We affirm.
Â Â Â Â Â Â Â Â Â Â Appellantâs attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
courtâs judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of his right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se
response. Appellant has not filed a response.
Â Â Â Â Â Â Â Â Â Â By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.
Â 
Â Â Â Â Â Â Â Â Â Â Accordingly, counselâs motion to withdraw is hereby granted


 and the trial courtâs
judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice









Do not publish. 








ne">Gevinson v.
Manhattan Construction Co. of Okla., 449 S.W.2d 458, 467 (Tex. 1969)). One factor that
the trier of fact can consider in assessing the credibility of the evidence is whether the
opposite party had the means and opportunity of disproving the testimony, if it were not
true, and failed to do so. Id. However, even if the evidence is not readily controvertible,
an issue relating to the credibility of the witness is presented. Id. (citing James T. Taylor
and Son, Inc. v. Arlington Indep. Sch. Dist., 160 Tex. 617, 335 S.W.2d 371, 376 (1960)). 
Thus, because the issue turns on the determination of the credibility of Shurbet, we must
conclude that the trial court's finding of the amounts owed by Barth for tuition and fees,
extracurricular activities, and medical expenses is supported by both legally and factually
sufficient evidence.

 However, Barth also contends that the evidence was not legally or factually sufficient
to establish Shurbet's entitlement to receive this award. As to the tuition and fees, Barth
contends that the modification order requires him to pay half of the Trinity Christian
Schools's tuition and fees directly to the school and not to Shurbet. In the absence of
evidence that A.C.B. did not attend Trinity Christian Schools during the period from August
1999 through August 2001 or that Shurbet did not pay the full amount of the tuition and
fees charged by the school, we conclude that it would be reasonable for the fact finder to
infer that Shurbet paid for the entire tuition and fees assessed during the applicable period
and that she was entitled to reimbursement for these payments that were ordered to be
paid by Barth. Likewise, because there was no evidence that A.C.B. did not participate in
extracurricular activities or that Shurbet did not pay the full amount of any fees charged for
these services, we conclude that it would be reasonable for the fact finder to infer that
Shurbet paid the expenses associated with these activities and is entitled to reimbursement
for half of the expense. As to the medical expenses, the modification order provides that
"the party who paid for a health care expense on behalf of the child shall submit to the
other party any and all forms, receipts, bills, and statements reflecting the uninsured
portion of the medical or health care expenses the paying party incurs on behalf of the
child within ten days after he or she receives them." Shurbet testified that she did provide
one April 4, 2000 bill within the 10 day window required by the order, but she also testified
that there were "several" bills that were not presented within the 10 day deadline. Barth
testified that one problem that he had with making the payments under the modification
order was that Shurbet stopped taking A.C.B. to the psychologist, as was ordered. He
testified that he believed that A.C.B. stopped going to the psychologist in May of 2000,
although he received a bill for a session in July 2000. As a result, we believe that it is
reasonable to infer that Barth received copies of each monthly psychologist bill through
July of 2000. Even if Shurbet failed to provide copies of medical bills within the 10 day
deadline established by the modification order, each parent is obligated to support his or
her child during the child's minority and is liable to any other person, including the other
parent, who provides necessities for that child. See Creavin v. Moloney, 773 S.W.2d 698,
702-03 (Tex.App.-Corpus Christi 1989, writ denied). Thus, based on an itemization of
each of A.C.B.'s psychologist sessions found in Shurbet's Motion for Contempt and Barth's
acknowledgment that he had received bills for these sessions until July of 2000, we
conclude that the evidence was both legally and factually sufficient to support an award of
$522.50 for unreimbursed medical expenses. However, because there is no evidence to
support the remaining $353.91 in medical expenses, we conclude that the evidence is
legally insufficient to support the award of this amount of medical expenses and will
reverse this portion of the trial court's judgment.

 We sustain that portion of Barth's third issue that challenges the legal sufficiency
of the evidence to support the award of $353.91 of the $876.41 the trial court awarded for
unreimbursed medical expenses and, in all other respects, overrule Barth's first three
issues.

Offset of $239.25

 By his fourth issue, Barth contends that the trial court erred in failing to offset a
portion of a doctor's bill that Shurbet acknowledged owing. As both Shurbet's Motion for
Contempt and her testimony acknowledged this debt and, thus, it was not pled to be part
of Barth's child support arrearage, we will sustain Barth's issue and will render judgment
allowing a $239.25 offset on Barth's child support arrearage. (6)



Interest on Child Support Arrearage

 By his fifth issue, Barth contends that the trial court abused its discretion in granting
prejudgment interest on the awards for tuition and fees, extracurricular activities, and
medical expenses. (7) Because no payment date was specified in the modification order for
tuition and fees and extracurricular activities, Barth contends that interest could not begin
to accrue on these obligations until the trial court rendered judgment confirming these
arrearages. As for the unpaid medical expenses, Barth contends that the payment date
provided in the modification order was dependant upon proof of when the bills were sent
to Barth. As such, Barth contends that interest could not begin to accrue on these
amounts until the trial court entered its Reformed Judgment on August 1, 2008. Shurbet
responds by arguing that the delinquency of the tuition and fees, extracurricular activities,
and medical expenses was established as a matter of law by the December 19, 2001
hearing.

 While a trial court's decision to grant or deny the relief requested in a motion for
enforcement is reviewed for an abuse of discretion, Beck, 154 S.W.3d at 901, the trial
court's discretion is very limited in calculating child support arrearages. See Attorney Gen.
v. Stevens, 84 S.W.3d 720, 723 (Tex.App.-Houston [1st Dist.] 2002, no pet.). In a
proceeding to confirm child support arrearages, the trial court's child support calculations
must be based on the payment evidence presented and not on the trial court's assessment
of what is fair or reasonable. See In re M.C.R., 55 S.W.3d 104, 108-09 (Tex.App.-San
Antonio 2001, no pet.). Likewise, the trial court has no discretion to modify, forgive, or
make equitable adjustments in awarding interest on child support arrearages. See id. 

 The Family Code provides that, if a motion for enforcement of child support requests
a money judgment for arrearages, the court "shall confirm the amount of arrearages and
render one cumulative money judgment" that includes interest on the arrearages. Tex.
Fam. Code Ann. § 157.263(a), (b)(3) (Vernon 2008). Awarding interest on child support
arrearages is mandatory and the trial court has no discretion to not award the full amount
of interest due. In re M.C.R., 55 S.W.3d at 108-09. Determining the date and the amount
of the unpaid obligation is, therefore, necessary to calculate both the arrearage and the
interest.

 Thus, because the modification order did not state a due date for the tuition and
fees or for the extracurricular activities, interest did not begin to accrue on these obligations
until the date that the trial court signed the reformed judgment, August 1, 2008. See Tex.
Fam. Code Ann. Â§ 157.266 (Vernon 2008); Tex. R. Civ. P. 329b(h). Therefore, we conclude
that the trial court abused its discretion in awarding prejudgment interest for the unpaid
tuition and fees and extracurricular activities. 

 As for the unpaid $522.50 for unreimbursed medical expenses, Barth acknowledged
his receipt of bills relating to these expenses by, at least, the December 19, 2001 hearing. 
Thus, in regard to this portion of Shurbet's claim for unreimbursed medical expenses, they
became delinquent and subject to the accrual of interest no later than 30 days after the
December 19, 2001 hearing at which Barth acknowledged receipt of the bills relating to the
psychologist sessions. However, there is evidence in the record that would suggest that
Barth may have received the psychologist's bills at an earlier date. As such, we conclude
that the trial court erred in accruing interest on this $522.50 portion of the medical
expenses from the date of the December 19, 2001 hearing. Even if we conclude that the
trial court impliedly found that Barth received notice of these expenses at the December
19, 2001 hearing, under the modification order, interest on this arrearage would not begin
to accrue until 30 days after the hearing. Because the date of Barth's receipt of these bills
is a fact question, we will remand to the trial court to determine when Barth received these
bills, when interest began to accrue, and to properly calculate the interest for this portion
of the medical expenses. As for the remaining portion of the unreimbursed medical
expenses claimed by Shurbet, Barth does not acknowledge receipt of these bills nor does
the record include sufficient evidence of these bills. (8) 

 Thus, we conclude that the trial court abused its discretion in assessing prejudgment
interest on the arrearages for unpaid tuition and fees and extracurricular activities. As we
have previously reversed the trial court's finding of a $353.91 portion of unreimbursed
medical expenses, the trial court abused its discretion in assessing interest on this
arrearage. We reverse the trial court's assessment of prejudgment interest on the
remaining $522.50 of the unreimbursed medical expenses and remand to the trial court to
determine the date upon which interest began to accrue under the modification order.

Variance Between Findings of Fact and Conclusions of Law

 and the Cumulative Judgment Award Finally, Barth contends that the trial court's cumulative award was in error because
it varied from the trial court's findings of fact and conclusions of law. Due to our resolution
of Barth's first five issues and our rendition of the amount of arrearages owed, we need not
address the trial court's cumulative judgment award.

Conclusion

 For the foregoing reasons, we reverse the trial court's assessment of interest on the
$5,466.84 arrearage for unpaid tuition and fees and the $1,287.57 arrearage for unpaid
extracurricular activities and render judgment that those arrearages are not entitled to the
assessment of prejudgment interest. We reverse the trial court's determination of medical
expense arrearage totaling $876.41, render judgment that the medical expense arrearage
is $522.50, and remand to the trial court for a determination of the date upon which interest
began to accrue on this arrearage and the calculation of the applicable prejudgment
interest. Additionally, we render judgment that Barth is entitled to an offset of $239.25
against his arrearages. In all other respects, we affirm the judgment of the trial court.


 Mackey K. Hancock

 Justice

 



1. Under the Rule 11 agreement, Barth was to pay $300 per month directly to
Shurbet, beginning on September 1, 1999. In her testimony, Shurbet acknowledged that
Barth had paid $2,700 toward this monthly obligation as of the date of the hearing.
2. This amount reflects the total of child support obligations under the modification
order without accounting for any offsets of monies paid by Barth or owed by Shurbet to
Barth.
3. It would appear that Shurbet's math is incorrect. $14,830.82 minus $2,700 minus
$2,500 minus $239.25 results in a total of $9,391.57.
4. Shurbet's Motion for Contempt included a request for enforcement.
5. While Shurbet's testimony appears to state a total amount for the tuition and fees,
Barth testified that the total amount, from August 1999 through February 2000 was $3,450. 
Thus, the tuition and fees, based on Barth's testimony, runs just under $500 per month. 
Further, Barth testified that the tuition alone was $415 per month. Based on this evidence,
it is reasonable to infer that the $5,466.84 reflects half of the tuition and fees incurred by
A.C.B. over the two year period addressed by Shurbet's testimony.
6. Because the evidence does not establish whether this doctor's bill was incurred
for the treatment of A.C.B. or arose at a time when the modification order was in force, the
evidence is insufficient to support prejudgment interest.
7. Barth does not contest the accrual of interest on unpaid monthly child support
obligations by this appeal.
8. The only medical expenses specifically addressed at the hearing were those
arising from A.C.B.'s psychologist counseling. Further, while it is clear from the record that
Shurbet had copies of some of these bills at the hearing, these copies were not offered into
evidence and, therefore, are not before this Court for review.