

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00689-CV

**IN THE INTEREST OF G.M. III**, A.M., and N.M., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-PA-02693
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  March 26, 2014

MOTION TO WITHDRAW GRANTED; AFFIRMED

This is an appeal from a trial court's order terminating parental rights and removing the maternal grandmother as managing conservator.  Appeals were perfected by the mother, C.P., and the maternal grandmother, M.B.  Counsel for C.P. filed a brief pursuant to *Anders v. California*, and therefore raised no appellate issues.  M.B. raises three issues on appeal.  We will address each appeal separately.

### MOTHER C.P.'S APPEAL

Appellant mother, C.P., appeals the trial court's judgment terminating her parental rights to her children, G.M. III, A.M., and N.M.  The Texas Department of Family and Protective Services ("the Department") moved to have appellant's parental rights terminated on numerous grounds.  *See* TEX. FAM. CODE ANN. §§ 161.001 (West Supp. 2013).  After a bench trial, the trial

court found appellant's parental rights should be terminated because she: (1) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children; and (2) failed to comply with the provision of a court order that established the actions necessary for her to obtain the return of her children. *See* TEX. FAM. CODE ANN. §§ 161.001(1)(E), (O). The trial court also determined termination would be in the best interest of the children. *Id.* § 161.001(2).

Appellant's court-appointed appellate attorney has filed a motion to withdraw and a brief containing a professional evaluation of the record demonstrating there are no arguable grounds to be advanced and concluding the appeal is frivolous. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, *4 (Tex. App.—San Antonio May 21, 2003, order) (applying *Anders* procedure to appeals from orders terminating parental rights), *disp. on merits*, 2003 WL 22080522 (Tex. App.—San Antonio Sept. 10, 2003, no pet.) (mem. op.). Appellant was provided a copy of the brief and informed of her right to file her own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *In re R.R.*, 2003 WL 21157944, at *4. Appellant did not file a *pro se* brief.

We have reviewed the record and the attorney's brief, and we agree with counsel that the appellate points do not present a substantial question for appellate review. Accordingly, we hold the trial court did not err in terminating C.P.'s parental rights. We grant the motion to withdraw and affirm the trial court's judgment terminating C.P.'s parental rights to the children.

### MATERNAL GRANDMOTHER M.B.'S APPEAL

In addition to terminating the parental rights of the parents, the trial court also removed M.B., the children's maternal grandmother, as managing conservator of G.M. III. Prior to her removal, M.B. shared managing conservatorship of G.M. III with C.P., but M.B. had the right to designate the child's primary residence. This removal is the subject of M.B.'s appeal. M.B.

contends the removal was erroneous because: (1) the Department failed to plead for a modification of the conservatorship; (2) the trial court lacked jurisdiction to modify the conservatorship; and (3) the trial court failed to first find that G.M. III could not safely be placed with M.B. prior to appointing the Department as managing conservator.

## *Background*

In 2008, the Department filed a suit involving G.M. III. Ultimately, the trial court rendered an order naming C.P., the mother, and M.B., the maternal grandmother, as joint managing conservators of G.M. III.[1] M.B. was granted the exclusive right to determine the child's residence, and he lived with M.B, as did C.P. At some point, C.P. moved out of M.B.'s home and back in with G.M., who is the father of G.M. III. Thereafter, M.B. relinquished G.M. III to C.P. and the child began living with C.P. and G.M. M.B. testified she was told by a caseworker from Child Protective Services to surrender the child to C.P. However, there was never any court order requiring M.B. to relinquish the child.

In 2011, the Department filed its original petition, asking the trial court to appoint the Department as temporary managing conservator of the children. The petition also sought, among other things, termination of the parents' rights and appointment of the Department as the permanent sole managing conservator of the children in the event the children could not be safely reunited with a parent or permanently placed with a relative or other suitable person. Later, in January 2012, the Department requested the children be temporarily placed with a paternal aunt, a request the trial court granted.

On July 2, 2012, M.B. filed an affidavit of inability to pay and a request for a court-appointed attorney. The trial court found M.B. indigent and granted her request for appointed

---

[1] The other two children had not yet been born.

counsel. Thereafter, on July 10, 2012, the Department filed a first amended petition, naming M.B. as a party. In its first amended petition, the Department did not specifically seek to remove M.B. as a joint managing conservator, but did request to be named as "permanent sole managing conservator" if the children "cannot safely be reunified with either parent or permanently placed with a relative or other suitable person."

A bench trial was held in June 2013. At the conclusion of the trial, the trial court orally terminated C.P.'s and G.M.'s rights to all three children, but made no specific ruling with regard to M.B. and her status as joint managing conservator based on the prior court order. However, on October 4, 2013, the trial court signed the final termination order appointing the Department as permanent managing conservator of G.M. III and the other two children. In the final order, the trial court wrote by hand that "[M.B.] is removed as the managing conservator of the children." M.B. was given visitation "only upon the therapist's recommendation. Therapist to determine frequency and length of visits."

On October 10, 2013, M.B. filed a motion to reconsider. Thereafter, M.B. perfected this appeal.

### *Lack of Pleadings*

As noted above, M.B. first contends the trial court erred in modifying her managing conservatorship of G.M. III, i.e., removing her as conservator, because the Department failed to plead for such modification. In a related complaint, M.B. contends the trial court should not have heard evidence regarding any alteration in M.B.'s conservatorship of G.M. III.

Rule 301 of the Texas Rules of Civil Procedure provides that a court's judgment shall conform to the pleadings. TEX. R. CIV. P. 301. A party's pleadings invoke the trial court's jurisdiction, and therefore an order or judgment not supported by the pleadings is void. *In re P.M.G.*, 405 S.W.3d 406, 416-17 (Tex. App.—Texarkana 2013, no pet.). A judgment must

conform to the pleadings unless the issues in question were tried by consent. *Id.* at 417. Accordingly, a trial court may not grant relief in the absence of pleadings to support such relief. *Id.* To determine whether a claim was pled, we must determine whether the pleadings are adequate to state "with reasonable certainty," and without reference to outside information, "the relief sought with sufficient information upon which to base a judgment." *Id.* (quoting *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979)).

However, the Texas Supreme Court has long held that in cases affecting the parent-child relationship, "[t]echnical rules of practice and pleadings are of little importance in determining issues concerning the custody of children." *Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967). According to the supreme court, a suit that invokes the jurisdiction of a court with respect to custody and control of a child vests the court "with decretal powers in all relevant custody, control, possession and visitation matters involving the child." *Id.* Moreover, once the court's jurisdiction is invoked, the court has "the duty . . . to make proper disposition of all matters comprehended thereby in a manner supported by the evidence." *Id.*

In *Philipp v. Tex. Dept. of Family & Protective Servs.*, No. 03-11-00418-CV, 2012 WL 1149291, at *1 (Tex. App.—Austin Apr. 4, 2012, no pet.) (mem. op.), the appellants sought to overturn the trial court's judgment with regard to conservatorship of their minor child. The appellants argued, among other things, that the trial court erred by including an injunction prohibiting one of them from having contact with the child because the Department did not plead for injunctive relief. *Id.* at *9. Citing *Leithold*, the court of appeals held the appellants were given fair notice of the possibility of injunctive relief related to access to the child given, and overruled their complaint. *Id.*

Here, in its first amended petition, the Department named M.B. as a party to the suit, recognizing her as a "JOINT MANAGING CONSERVATOR." Moreover, the Department

specifically pled, under the section of the petition entitled "Permanent Conservatorship and Support of the children [sic]," that "*if the children cannot safely be* reunified with either parent or *permanently placed with a relative* or other suitable person, *the Department requests that the court appoint the Department as permanent sole managing conservator of the children*." (emphasis added). Thus, according to the pleading, in the event the children could not safely be placed with M.B. (or others), the Department desired to be named permanent *sole* managing conservator. By seeking this relief, we hold the Department was obviously seeking to remove M.B. as a conservator in the event the evidence established she was not a proper placement. Thus, we hold, particularly in light of the supreme court's admonition that technical rules of pleading are of little importance in this context, that the Department's first amended petition is adequate to support the trial court's decision to remove M.B. as a managing conservator with regard to G.M. III. *See id.*; *P.M.G.*, 405 S.W.3d at 417 (quoting *Stoner*, 578 S.W.2d at 683).

In addition, our review of the record establishes that even if the pleadings were inadequate, the issue of M.B.'s conservatorship was tried by consent. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." TEX. R. CIV. P. 67; *see Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991); *Hartford Fire Ins. Co. v. Springs 300, Ltd.*, 287 S.W.3d 771, 779-80 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). To determine whether an issue was tried by consent, we must review the record not for evidence of the issue, but rather for evidence of trial of the issue. *Hartford Fire Ins. Co.*, 287 S.W.3d at 780.

Admittedly, it appears that before trial began, M.B. raised the issue of a lack of pleadings with regard to her removal as conservator. However, after much discussion on and off the record about what was before the court and what they could or could not proceed on, M.B.'s counsel stated on the record, "I am just saying as far as the petition, *we have got live pleadings*, and that's

what really – Ms. Salazar [attorney for intervenor aunt] is relying on the live pleadings of Ms. Wells [counsel for the Department], *and we can proceed on that. Well, it's just her intervention and her participation in Court that I would be objecting to.*" Accordingly, it seems M.B. waived an objection to the absence of pleadings and expressly consented to proceed to trial with regard to the issue of her conservatorship. But even if this was not express consent, we hold, based on our review of the record, that M.B. impliedly consented to trying the issue of her removal.

M.B. and her counsel actively participated at trial. During the trial, the parties presented evidence relevant to the propriety of M.B. as a conservator for G.M. III. M.B. did not lodge any objection based on the absence of pleadings when evidence relevant to her position as conservator was admitted. We therefore hold the issue of her removal was tried by implied consent as well. *See id.*

Based upon applicable authority and our review of the record, we hold the Department filed pleadings sufficient to support the trial court's judgment removing M.B. as managing conservator of G.M. III. And even if those pleadings were somehow insufficient, we hold the issue was tried by express or implied consent. Accordingly, we overrule M.B.'s first issue.

### *Jurisdiction to Modify*

M.B. next contends the trial court lacked jurisdiction to modify her managing conservatorship of G.M. III. She first argues the Department's first amended petition failed to state that the trial court had continuing exclusive jurisdiction or that no other court has continuing exclusive jurisdiction of the suit. Citing section 102.008(b)(1) of the Texas Family Code, M.B, contends that in the absence of this statement, the trial court lacked jurisdiction over the matter.

Section 102.008 sets forth the requirements of a petition in a suit affecting the parent-child relationship. TEX. FAM. CODE ANN. § 102.008 (West Supp. 2013). Pursuant to subsection (b)(1), the petition must include "a statement that the court in which the petition is filed has continuing,

exclusive jurisdiction or that no court has continuing jurisdiction of the suit." *Id.* at § 102.008(b)(1). Here, the Department stated the trial court "has jurisdiction of this suit" and "emergency and/or home state jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act."

M.B. has cited no authority, nor have we found any, to suggest that a failure to include the specific language from section 102.008(b)(1) deprives the trial court of jurisdiction. And, as noted above, we are not to be overly concerned with the technicality of pleadings when dealing with suits involving child custody. *See Leithold*, 413 S.W.2d at 701. The Department specifically advised the trial court that it had jurisdiction of the suit. This is the essence of the requirement stated in section 102.008(b)(1). We hold the Department's failure to use the precise language set forth in section 102.008(b)(1) did not deprive the trial court of jurisdiction.

M.B. also contends the trial court lacked jurisdiction because the affidavit required by section 152.209 of the Family Code was attached only to the original petition, and the Department's reference to the affidavit in its first amended petition was insufficient given that M.B. was not added as a party until the filing of the amended petition. We disagree.

In *Creavin v. Moloney*, the defendant father filed a motion to dismiss for lack of jurisdiction in the trial court, alleging, among other things, that the plaintiff mother failed to file the affidavit required by section 11.59 of the Texas Family Code, the predecessor statute to section 152.209. 773 S.W.2d 698, 701 (Tex. App.—Corpus Christi 1989, writ denied). The trial court granted the motion to dismiss. Id. at 699. On appeal, the court of appeals held that although the trial court "had authority to dismiss the suit for failure to timely file a proper affidavit complying with Section 11.59, it was not authorized to dismiss the suit for lack of jurisdiction on that basis. *Id.* at 705. Thus, in the only case this court has found with regard to whether section 152.209 is jurisdictional, the court specifically held it was not. *See id.* Accordingly, because section 152.209 is not

jurisdictional, we hold the Department's failure to reattach the affidavit to its first amended petition did not deprive the trial court of jurisdiction. We overrule M.B.'s second issue.

### *Lack of Prerequisite Finding*

In her third and final issue, M.B. contends the trial court erred in removing M.B. as managing conservator because the trial court failed to first find that G.M. III could not be safely placed with M.B. on a permanent basis. M.B. contends this finding was a prerequisite to the trial court's ability to appoint the Department as G.M. III's managing conservator. Specifically, M.B. argues the absence of a specific finding in the final order that G.M. III could not be safely placed with M.B. requires that we reverse and render judgment reinstating M.B. as managing conservator of G.M. III.

The trial court did not file any separate findings of fact and conclusions of law supporting its ultimate conservatorship finding in the decree.[2] "When no findings of fact or conclusions of law are filed in a bench trial, the trial court's judgment implies all findings necessary to support it." *In re W.M.*, 172 S.W.3d 718, 725 (Tex. App.—Fort Worth 2005, no pet.) (citing *Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996)). Accordingly, in this case, because the trial court's final order removed M.B. as managing conservator and appointed the Department as sole managing conservator, the trial court impliedly found G.M. III could not be safely placed with M.B. on a permanent basis. *See id.* We therefore overrule M.B.'s third issue.

---

[2] M.B. filed a request for findings of fact and conclusions of law. However, the request was untimely in that it was filed on November 8, 2013, but was due October 24, 2013 — twenty days after the date the judgment was signed. *See* TEX. R. CIV. P. 296. Moreover, if a trial court fails to file findings of fact and conclusions of law after a timely request, the party making the request must, within thirty days, file a notice of past due findings and conclusions. *Id.* at R. 297. Thus, even if M.B.'s original request had been timely, she failed to file a notice of past due findings and conclusions as required by the rule. Accordingly, the trial court was not required to file findings of fact and conclusions of law.

**CONCLUSION**

With regard to the appeal filed by C.P. in which appellate counsel filed an *Anders* brief, we hold the trial court did not err in terminating appellant's parental rights. As noted above, we grant the motion to withdraw and affirm the trial court's judgment terminating C.P.'s parental rights to the children.

As to the appeal filed by M.B., we overrule her issues. Accordingly, we affirm the trial court's judgment removing her as managing conservator of G.M. III.

Marialyn Barnard, Justice